RUSSELL FORBES, as Commissioner of the Department of Purchase of the City of New York, Plaintiff, *v.* S. HOWARD COHEN and Others, as and Constituting the Board of Elections in the City of New York, Defendants.

First Department, June 24, 1938.

*Oren Clive Herwitz* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the plaintiff.

*Henry Epstein, Solicitor-General,* of counsel [*John J. Bennett, Jr., Attorney-General*], for the defendants.

TOWNLEY, J.   Plaintiff, the commissioner of the department of purchase of the city of New York, asks for a declaratory judgment against the defendants, commissioners of elections of the city of New York, declaring that the department of purchase has the sole and exclusive power to advertise for and receive bids and to award contracts thereon for any official and sample ballots, supplies, stationery or printing required by the defendants, the board of elections in the city of New York, and enjoining and restraining the defendants from awarding any contract upon bids to be opened on June 28, 1938, for board of election materials.

The practice in the city of New York has hitherto been for the board of elections to determine its own needs and award contracts to fill them without reference to the department of purchase.   It has so acted with the consent of the corporation counsel.   The present controversy arises from the fact that the corporation

counsel has decided that his former opinion expressed on April 16, 1934, does not correctly define the powers of the commissioner of purchase.

The difficulty arises from the dispute as to the meaning of certain provisions of the new charter of the city of New York and the Administrative Code. Chapter 13 of the new charter relates to contracts and purchases. Section 341 thereof reads: " Except as otherwise provided in this charter *or by statute*, all supplies, materials and equipment to be furnished and work or labor to be done, to be paid for out of the city treasury or out of moneys under the control of or assessed or collected by the city, shall be furnished or provided as prescribed in this chapter." (Italics our own.)

Section 342 of the new charter provides in part:

" a. All work or labor to be performed by contract, including the furnishing of materials or supplies incident thereto, shall be obtained by the agency for whose use the appropriation therefor shall have been made.

" b. All other supplies, materials and equipment shall be purchased or procured by the department of purchase, except as otherwise provided in this chapter."

Subdivision a of section 782 of the charter provides as follows: " The commissioner shall, except as otherwise *provided in this charter*, have sole power to purchase, store and distribute all supplies, materials or equipment required by any department, office, board body or commission of the city, or by any office of any county wholly included in the city for which supplies, materials or equipment are required, payment for which is made from the city treasury." (Italics ours.)

Subdivision c of section 982 of the charter provides: " Insofar as the provisions of this charter are the same in terms or in substance and effect as provisions of law in force when this charter shall take effect, relating to or affecting the city of New York, the provisions of this charter are intended to be not a new enactment but a continuation of such provisions of law, and this charter shall be so construed and applied."

The board of elections has certain statutory duties imposed upon it by the Legislature. The Election Law requires the board of elections to supply the registers, supplies for registration and enrollment (§ 77); to furnish the equipment of the registration and polling places (§ 85); to publish and distribute the registry lists and copies thereof and to contract for the printing thereof (§ 86); to furnish sample ballots, blanks, supplies, etc., where necessary (§ 87); to supply poll books when necessary (§ 89) and the necessary ballots and supplies (§ 90).

The statutory duty imposed on the board of elections by the Election Law qualifies the assignment of power to the commissioner of purchase. Subdivision a of section 782 and section 341 of the charter contain the following limitations: "except as otherwise provided in this charter" and "except as otherwise provided in this charter or by statute." The powers conferred by statute upon the board of elections are clearly within this exception. The efficient performance of the duties of the board of elections requires that it have complete independence in the purchase of election equipment and incidentals which it is required to furnish. Frequently litigation as to the regularity of nominations and other matters compels changes a few hours before election. Failure to meet such emergencies might render the whole election abortive. The power of the board of elections to make these purchases has been conceded for years under the old charter. There is nothing in the new charter which substantially changes this. Applying the rule of construction contained in subdivision c of section 982 of the present charter, these provisions are "not a new enactment but a continuation of such provisions of law."

It is unnecessary to discuss the cases in the Court of Appeals which consider in reference to the particular facts before them whether the board of elections is a local or State body. This question is immaterial, since however the board is defined it has statutory duties which are specifically excepted from the jurisdiction of the commissioner of purchase.

Judgment should be entered for the defendants.

O'MALLEY, UNTERMYER, DORE and COHN, JJ., concur.

Judgment unanimously directed in favor of the defendants. Settle order on notice.