In the Matter of RICHARD DALY, Appellant, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, et al., Respondents.

Argued February 21, 1939; decided April 11, 1939.

*L. W. Widdecombe* and *A. B. Widdecombe* for appellant. Petitioner was duly appointed law assistant in the office of the Surrogate of Richmond county. (*People ex rel. Tyng* v. *Prendergast,* 164 N. Y. Supp. 1042; 178 App. Div. 895; 221 N. Y. 659.) It was not necessary for the Surrogate to conform to the terms and conditions of the 1938 budget in filling the vacancy. (*Matter of La Rocca* v. *Flynn,* 257 N. Y. 5; *People ex rel. Prendergast* v. *Cohalan,* 101 Misc. Rep. 712; 179 App. Div. 883; 226 N. Y. 636; *Forbes* v. *Cohen,* 254 App. Div. 548; *People ex rel. O'Loughlin* v. *Prendergast,* 219 N. Y. 377; *People ex rel. Wingate* v. *Taylor,* 279 N. Y. 246; *Ledwith* v. *Rosalsky,* 244 N. Y. 406.) The

attempted abolition of the position by the Board of Estimate is ineffectual. (*People ex rel. Machen* v. *Hayes*, 115 Misc. Rep. 373; 199 App. Div. 930; 233 N. Y. 542; *Matter of Rushford* v. *LaGuardia*, 169 Misc. Rep. 581; 255 App. Div. 597; *Forbes* v. *Cohen*, 254 App. Div. 548; *Whitmore* v. *Mayor*, 67 N. Y. 21; *Schieffelin* v. *Leary*, 219 App. Div. 660; *Dodge* v. *City of New York*, 252 App. Div. 631; 278 N. Y. 25; *People ex rel. O'Loughlin* v. *Prendergast*, 219 N. Y. 377.)

*William C. Chanler, Corporation Counsel* (*Davidson Sommers* and *William S. Gaud, Jr.*, of counsel), for respondents. Petitioner was not validly appointed to the position of law assistant since no certificate was obtained from the Budget Director as the budget required. (*Coggeshall* v. *Hennessey*, 279 N. Y. 438; *People ex rel. Plancon* v. *Prendergast*, 219 N. Y. 252; *Matter of Dobrovolny* v. *Prendergast*, 219 N. Y. 280; *Matter of Flaherty* v. *Craig*, 226 N. Y. 76.) The position of law assistant was duly abolished by the Board of Estimate. (*Thoma* v. *City of New York*, 263 N. Y. 402; *People ex rel. Plancon* v. *Prendergast*, 219 N. Y. 262; *Buckbee* v. *Board of Education*, 115 App. Div. 366; 187 N. Y. 544; *Sauerbrunn* v. *Board of Education*, 150 App. Div. 407; 208 N. Y. 550; *Dixon* v. *LaGuardia*, 277 N. Y. 84; *Walters* v. *City of New York*, 190 N. Y. 375; *People ex rel. Stokes* v. *Tully*, 108 App. Div. 345.)

FINCH, J. The unanimous decision of the Appellate Division was correct and the order appealed from should be affirmed.

The primary question presented is whether the Surrogate of Richmond county should comply with the provision of the 1938 budget of the city of New York, providing that in filling a vacancy application should be made to the Director of the Budget, giving a description of the duties performed by the former incumbent and the reasons why the duties could not be distributed among the other employees in the office. The Director of the Budget would then investigate and, based on his findings, either grant or deny

the request in writing, thus guarding against the use of city funds more urgently needed elsewhere. This certificate of the Director of the Budget must be filed with the Comptroller of the city before the latter will pay the proposed incumbent. Pursuant to this budgetary requirement, the Surrogate of Richmond county originally made such written application but later withdrew the same. An appointment was then made, disregarding this requirement of the 1938 budget as to filling vacancies. Such a certificate has been held by this court to be a reasonable restriction upon the power of selection and appointment. (*People ex rel. Plancon* v. *Prendergast*, 219 N. Y. 252; *Matter of Dobrovolny* v. *Prendergast*, 219 N. Y. 280.) Even judicial officers may not ignore reasonable budgetary restrictions. (*Matter of Flaherty* v. *Craig*, 226 N. Y. 76.)

The petitioner, therefore, was never validly appointed and in consequence is not in a position to test the validity of the abolition of the office.

It follows that the order appealed from should be affirmed, without costs.

RIPPEY, J. (dissenting). Section 21 of the Surrogate's Court Act authorizes the Surrogate of the county of Richmond to appoint and at his pleasure remove a clerk of the Surrogate's Court and as many other clerks for his office as the Board of Aldermen authorize him to so appoint. It is further provided that the Board of Aldermen of the city of New York must fix the compensation of the clerk or clerks so appointed and that their compensation shall be paid by the county.

In 1930, pursuant to the provisions of that act and at the request of the Surrogate of the county of Richmond, the Board of Aldermen of the city of New York created the office of law assistant in the office of the Surrogate and fixed the salary to be paid to the appointee of such office at $4,500 per year. The office having been legally created and the compensation of the incumbent legally fixed, the statute required the Board of Estimate and Apportionment

of the city of New York to make the necessary provision in the budget to meet the county charge (*People ex rel. O'Loughlin* v. *Prendergast,* 219 N. Y. 377, 380,381; *People ex rel. Cropsey* v. *Hylan,* 232 N. Y. 601; *Matter of Wingate* v. *McGoldrick,* 279 N. Y. 246), which it did in the budget of 1931. The Surrogate thereupon filled the office at the salary fixed and the person so appointed continued in office until his death on November 17, 1937. During all of that period, the compensation fixed by the Board of Aldermen was provided for by the Board of Estimate and Apportionment in the several yearly budgets. The same office with the same compensation was continued in the budget made in the fall of 1937 for the year 1938 and for the first six months of 1939. That budget was validly adopted and was in all respects a legal and valid budget for the period it purported to cover (*Dixon* v. *LaGuardia,* 277 N. Y. 84).

On February 2, 1938, the Surrogate of Richmond county appointed petitioner to the position of law assistant to fill the vacancy created by the death of the former incumbent and duly certified and filed a notice of petitioner's appointment. On the same day the petitioner took the oath of office and entered upon the discharge of his duties. He has since continued to discharge the duties of that office.

The Comptroller of the city of New York has not authorized payment of the salary provided as compensation for those services and the reason advanced for the failure of the Comptroller to act is that the Director of the Budget did not file a certificate authorizing the filling of the vacancy and stating the rate of the compensation to be paid. The Director of the Budget has failed to act because the Surrogate did not comply with the conditions precedent to making the appointment as required by the provisions of the 1938 budget. Additionally, presuming to act under the provisions of section 68 of the new charter (in effect January 1, 1938), the Board of Estimate (successor to the Board of Estimate and Apportionment) adopted a resolution abolishing the office of law assistant to the Surrogate of Richmond county as of January 1, 1938, and adopted another resolution under section 127 of the charter transferring the

appropriation for that position to another item in the budget.

By subdivision *b* of section 952 of the new charter, the budget for the year 1938 was to be prepared and adopted at the times and in the manner prescribed by and in accordance with the provisions of law in force at the time of the adoption of the new charter. Section 226-c of the old charter (L. 1901, ch. 466, as amd.) in force at the time of the adoption of the budget provides that the budget may contain terms and conditions not inconsistent with law. In the 1938 budget it is provided, among other things, that no vacancy existing on January 1, 1938, in an appointive office shall be filled until " the head of the Department, Board, Bureau or Office shall make written application to the Director of the Budget for permission to fill the vacancy," whereupon the Director of the Budget is required to investigate the application and may in his discretion either grant or deny the same in writing, but if the application is granted he is required to issue a certificate authorizing the filling of the vacancy, the manner in which it shall be filled and the rate of compensation to be paid, one of which certificates shall be filed with the " *department affected*," one with the Comptroller and one each month with the Secretary of the Board of Estimate.

The act of the Board of Estimate in abolishing the position was abortive and the Surrogate was not required to meet the conditions contained in the budget before making the appointment.

The Surrogate of the county of Richmond is a member of the judicial system of the State (*Matter of LaRocca* v. *Flynn*, 257 N. Y. 5, 14). Both he and his assistants are State officers and none of them are employees of the county of Richmond or of the city of New York (*Matter of Prendergast* v. *Cohalan*, 226 N. Y. 636), even though their salaries come from the city or county treasuries. In view of the nature of the office and the provisions of section 21 of the Surrogate's Court Act, the Board of Estimate, as matter of law, had no power to abolish the position or to modify or transfer to another item the salary thereof (*People ex rel.*

*Cropsey* v. *Hylan,* 199 App. Div. 218; affd., 232 N. Y. 601), nor did the Budget Director have power to determine whether the position was or was not necessary (*People ex rel. O'Loughlin* v. *Prendergast, supra*). The Legislature established the office and conferred upon the Board of Aldermen the exclusive right to fix the salary. That is so regardless of the alleged coverage of section 68 of the new charter, since that section embraces only " city officers, such as are connected with political organization of the city government " (*Whitmore* v. *Mayor*, 67 N. Y. 21, 22), or of the alleged coverage of the conditions for filling a vacancy under the budget, since the Surrogate is not the head of a department, board, bureau or office of the city government and the provisions of neither section were intended to embrace other than strictly city officers (*Ledwith* v. *Rosalsky*, 244 N. Y. 406, 410). Furthermore, as matter of fact, the provisions of section 68 confer no power upon the Board of Estimate to abolish the position, since the power to create, abolish or modify positions and grades of positions not provided for in the city charter but otherwise provided by statute is specifically excepted from the power conferred (Cf. *Forbes* v. *Cohen*, 254 App. Div. 548). The creation of the office by the Board of Aldermen was authorized by the Legislature. When created, the Legislature ordained that the Surrogate only could make or revoke an appointment. The Surrogate was not required by the Legislature to secure permission from the Board of Estimate or from the Budget Director of the city of New York, nor had the Board of Estimate any power to fix a salary for the office or the Budget Director power to approve, reject or reduce the salary as fixed by the Board of Aldermen. The Legislature has excluded the Board of Estimate from the exercise of any such power.

The order appealed from should be reversed and the order of the Special Term affirmed, with costs in this court and the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur with FINCH, J.; RIPPEY, J., dissents in opinion.

Order affirmed.