In the Matter of ANTHONY J. FUGAZY, Respondent, against PAUL J. KERN et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Appellants, and S. HOWARD COHEN et al., as Commissioners of the Board of Elections of the City of New York, Respondents.

Argued April 12, 1939; decided May 23, 1939.

*William C. Chanler, Corporation Counsel (Robert H. Schaffer* and *Paxton Blair* of counsel), for appellants. Section 36 of the Election Law (Cons. Laws, ch. 17) is not a mandatory salary statute and does not confer upon the Board of Elections the unrestricted right to fix the number and salaries of their employees. Hence the appropriation for the salary of petitioner as a clerk in the Board of Elections was within the discretion of the city budgetary bodies. (*Matter of Wingate* v. *McGoldrick,* 279 N. Y. 246; *Matter of Hetherington* v. *McGoldrick,* 279 N. Y. 687; *Matter of Rosenthal* v. *McGoldrick,* 279 N. Y. 688; 280 N. Y. 11.) Since the appropriation for petitioner was a discretionary one it was within the power of the city to condition the appropriation by the provision that no vacancy occurring during the course of the budgetary year could be filled except upon permission of the city's Budget Director. (*People ex rel. Plancon* v. *Prendergast,* 219 N. Y. 252; *Matter of Dobrovolny* v. *Prendergast,* 219 N. Y. 280.)

*Irving H. Saypol* and *Leo Kotler* for petitioner, respondent. The Board of Elections is vested with sole power to appoint or remove its employees, free from control by the Director of the Budget or the Municipal Civil Service Commission. (Cons. Laws, ch. 17, § 36; *Matter of O'Keeffe* v. *Cohen,* 275 N. Y. 550; *Matter of Criss* v. *Cohen,* 275 N. Y. 551; *Matter of*

*Blondheim* v. *Cohen*, 272 N. Y. 520; *Schechter Corp.* v. *United States*, 295 U. S. 495; *Matter of Finegan* v. *Cohen*, 275 N. Y. 432; *Forbes* v. *Cohen*, 254 App. Div. 548.)

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein* and *Hyman Wank* of counsel), for defendants, respondents. The power to appoint or remove clerks of the Board of Elections vests in such Board free from any control by the Municipal Civil Service Commission. (*Matter of O' Keeffe* v. *Cohen*, 275 N. Y. 551; *Matter of Criss* v. *Cohen*, 275 N. Y. 550; *Matter of Blondheim* v. *Cohen*, 272 N. Y. 520; *Matter of Finegan* v. *Cohen*, 275 N. Y. 432.) The power to appoint or remove clerks of the Board of Elections vests in such Board free from any control by the Director of the Budget. (*Matter of O' Keeffe* v. *Cohen*, 275 N. Y. 551; *Fuhrmann* v. *Graves*, 235 N. Y. 77; *Matter of Reif* v. *Schwab*, 204 App. Div. 50; *Schechter Corp.* v. *United States*, 295 U. S. 495; *Forbes* v. *Cohen*, 254 App. Div. 548.)

LOUGHRAN, J. In February, 1938, the Board of Elections of the city of New York appointed the petitioner Anthony J. Fugazy at an annual salary of $2,500 in place of one of its clerks whose employment had ceased in August, 1937. Notice of the appointment was transmitted to the Budget Director, to the Comptroller and to the Municipal Civil Service Commission. The Director treated the notice to him as a request for his permission to fill a vacancy in the position and (as he put it) " determined in the exercise of discretion that if the Board found it█ by law without an additional clerk during its busiest period, from August to November, it did not require the services of a new appointee in March, 1938."

Petitioner then brought this proceeding to compel recognition of his appointment. The Municipal Civil Service Commission, the Budget Director and the Board of Elections were made defendants. The Board asked that the petition be granted. The Commission and the Director

served an answer setting up two defenses: (1) Under the terms and conditions of the budget for 1938, no vacancies existing on January 1, 1938, or occurring thereafter in any schedule or appropriation providing for the employment of personal service during 1938 could be filled except upon permission of the Budget Director, who had denied the request to fill a vacancy by the appointment of the petitioner. (2) " The Budget Director having refused permission to fill said vacancy there was no appropriation in the budget for 1938 for the position to which the Board of Elections purported to appoint the petitioner."

The Special Term held the petitioner's appointment to be valid. The Appellate Division affirmed and gave leave to the answering defendants to present the controversy to us.

Section 36 of the Election Law (Cons. Laws, ch. 17) provides: " Employees of board of elections. Every board of elections may appoint and at pleasure remove clerks, voting machine custodians and other employees, prescribe their duties and fix their rank. In the city of New York, within the amounts appropriated therefor, and elsewhere within the amounts authorized by the board of supervisors, *the board of elections also may fix the number and salaries of its employees*, it being the intention of this article, and said intention is hereby declared, to secure in the appointment of the members and employees of the board of elections equal representation of the two political parties which at the general election next preceding such appointment cast the highest and the next highest number of votes for governor." (The emphasis is ours.) These provisions were last enacted in 1922 (L. 1922, ch. 588, as amd.), pursuant to section 6 of article 2 of the State Constitution which then read in part: " Bipartisan election boards. All laws creating, regulating or affecting boards of officers charged with the duty of registering voters, or of distributing ballots at the polls to voters, or of receiving, recording or counting votes at elections, shall secure equal representation of the two political parties which, at the general election next preceding that for which such boards or officers are

to serve, cast the highest and the next highest number of votes.   *   *   * ''

We think that both the fair meaning and the express policy of section 36 validate the result reached in the courts below.

The argument for the city underscores a phrase in section 36 as follows: '' In the city of New York, *within the amounts appropriated therefor*,   *   *   * the board of elections also may fix the number and salaries of its employees.'' It is not denied that the position to which the petitioner was appointed had been provided for in the budget for 1938. The theory of the foregoing second defense is that the total amounts appropriated for the Board of Elections had been reduced by the occurrence of the vacancy on its staff, and that so long as the Budget Director refused permission to fill that vacancy there was in law no appropriation for the position.

We cannot follow that idea. The city's argument in effect recasts section 36 so as to make it say, '' Subject to the discretionary power of the Budget Director to authorize the filling of vacancies, the Board of Elections may fix the number and salaries of its employees.'' If the Legislature had meant that, it would undoubtedly have plainly told us so.

*People ex rel. Plancon* v. *Prendergast* (219 N. Y. 252) and *Matter of Dobrovolny* v. *Prendergast* (219 N. Y. 280) are not in point. The positions there involved were subject to regulation by the Board of Aldermen. In *Matter of Daly* v. *McGoldrick* (280 N. Y. 210) the appointments were to be made under section 21 of the Surrogate's Court Act which required that the salaries be fixed by the Board of Aldermen.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Order affirmed.