In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK by WILLIAM F. X. GEOGHAN, as District Attorney of the County of Kings, Petitioner, Respondent, for an Order against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, KENNETH DAYTON, as Director of the Budget of the City of New York, and ALMERINDO PORTFOLIO, as City Treasurer of the City of New York, Appellants.

First Department, June 16, 1939.

*Robert H. Schaffer* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants.

*Edward H. Levine* of counsel [*William F. X. Geoghan, District Attorney*], for the respondent.

GLENNON, J. The question presented on this appeal is stated fairly by the corporation counsel, who represents the appellants, as follows: " The District Attorney of Kings County is empowered by law to adjust, regulate and determine the salaries of twenty assistant district attorneys in his office. Conceding that the appropriation is mandatory and that the City is compelled at the time of the adoption of the budget to appropriate for at least twenty assistants to Mr. Geoghan at the salaries fixed by him, the issues here are (1) whether Mr. Geoghan after filing his departmental estimate for 1938, before August 1, 1937, may increase the salaries of two of his assistant district attorneys above the amounts fixed for them in the departmental estimate, and (2) whether Mr. Geoghan may appoint two new assistant district attorneys to vacancies created among the twenty mandatory positions in that class during the course of the budgetary year."

In the budget covering the year 1938 and the first half of 1939, the city appropriated a total sum of $349,599 for the office of the district attorney of Kings county. James M. Golding, an assistant district attorney, whose salary was fixed at $6,440 per annum, died on July 31, 1938. William F. McGuinness, whose salary had been fixed at $5,500 per annum, was dismissed on December 29, 1938. Thus during that year two vacancies occurred on the district attorney's staff.

The district attorney on November 29, 1938, notified the budget director that he had increased the salary of one Edward H. Levine by elevating him to the line in the budget formerly occupied by Mr. Golding, which was an increase in salary of $400 per annum, and that he had increased the salary of Edward J. McCann by elevating him to the line in the budget formerly occupied by Mr.

Levine, which represented a net increase of $500 per annum, and that, in addition thereto, he had made a new appointment of one Edward A. Heffernan to the position formerly occupied by Mr. McCann, at $5,500. Later, on December 30, 1938, the district attorney notified the budget director that he had appointed Alois J. Keogh at a salary of $5,500 to the position formerly occupied by Mr. McGuinness. It should be noted that the increases and new appointments did not make it necessary to exceed the budgetary allowance.

The district attorney's request to make these changes in his personnel was refused by the budget director of the city of New York.

Section 1 of chapter 438 of the Laws of 1897, as last amended by chapter 887 of the Laws of 1935, reads as follows:

" § 1. There shall not be more than twenty assistant district attorneys for the county of Kings. The power to appoint, and to remove and to adjust, regulate and determine the salaries of assistant district attorneys for said county is hereby vested in the district attorney of said county. All such salaries shall be paid in equal monthly payments. Every appointment of an assistant district attorney for said county hereafter made shall be by writing, subscribed by said district attorney and filed in the office of the clerk of said county. Each such appointee must, before entering upon the duties of his office, subscribe and file in the office of said clerk, the constitutional oath of office. No person except an attorney and counselor-at-law and a resident of said county shall be appointed an assistant district attorney."

There is nothing in this section which gives the budget director the right to refuse permission to the district attorney of Kings county to elevate the members of his staff to higher ranking positions and to fill vacancies. The law gives to the district attorney the power " to appoint, and to remove and to adjust, regulate and determine the salaries of assistant district attorneys."

The situation here presented is analogous to that which was before the Court of Appeals in *Matter of Fugazy* v. *Kern* (280 N. Y. 375). In his récital of the facts there involved Judge LOUGHRAN said in part: " In February, 1938, the Board of Elections of the city of New York appointed the petitioner Anthony J. Fugazy at an annual salary of $2,500 in place of one of its clerks whose employment had ceased in August, 1937. Notice of the appointment was transmitted to the Budget Director, to the Comptroller and to the Municipal Civil Service Commission. The Director treated the notice to him as a request for his permission to fill a vacancy

in the position and (as he put it) ' determined in the exercise of discretion that if the Board found it (possible to perform the duties imposed upon it) by law without an additional clerk during its busiest period, from August to November, it did not require the services of a new appointee in March, 1938.'

" Petitioner then brought this proceeding to compel recognition of his appointment. The Municipal Civil Service Commission, the Budget Director and the Board of Elections were made defendants. The Board asked that the petition be granted. The Commission and the Director served an answer setting up two defenses: (1) Under the terms and conditions of the budget for 1938, no vacancies existing on January 1, 1938, or occurring thereafter in any schedule or appropriation providing for the employment of personal service during 1938 could be filled except upon permission of the Budget Director, who had denied the request to fill a vacancy by the appointment of the petitioner. (2) ' The Budget Director having refused permission to fill said vacancy there was no appropriation in the budget for 1938 for the position to which the Board of Elections purported to appoint the petitioner.' "

The right of the board to make the appointment was upheld. The law pertaining to the question there presented is well summed up and ably discussed in the opinion. It is an authority which supports the contention of the petitioner in the case now before us that he had the power to make the appointments and to fix the salaries in dispute, and that the budget director had no right in law to interfere.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.