MICHELINA VOLPE, Respondent, Appellant, *v.* THE CITY OF NEW YORK, FIORELLO H. LAGUARDIA, as Mayor of the City of New York, JOSEPH D. MCGOLDRICK, as Comptroller of the City of New York, Appellants, Respondents, ARCHIBALD R. WATSON, as County Clerk of the County of New York, FRANCIS J. SINNOTT, as County Clerk of the County of Kings, Defendants, A. WELLES STUMP, as Commissioner of Records of the County of New York, Respondent, Appellant, HYMAN SCHORENSTEIN, as Commissioner of Records of the County of Kings, WILLIAM J. AHEARN, as Commissioner of Records of the Surrogate Court of the County of New York, MICHAEL J. KEENAN, as Commissioner of Records of the City Court of the City of New York, Defendants.*

First Department, June 5, 1942.

*John J. O'Connell,* for the plaintiff-respondent-appellant.

* Modfg. and affg. 178 Misc. 243.

*Seymour B. Quel* of counsel [*Oscar L. Tucker* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the appellants-respondents.

*Clarence A. Weill,* for the defendant-respondent-appellant.

GLENNON, J. This is a taxpayer's action which was instituted to test the constitutionality of Local Law No. 70 of the Local Laws of the City of New York which was enacted in 1941. The first two sections of the law with which we are immediately concerned read as follows:

" Section 1. The office of commissioner of records in each of the counties of Kings and New York is hereby abolished and the functions, powers and duties heretofore exercised by and vested in each such office shall be and hereby are transferred and assigned to, and shall hereafter be exercised and performed by the clerks of the counties of Kings and New York respectively.

" § 2. The officers and employees in the competitive or labor class of the State civil service in the office of the commissioner of records in each of the counties of Kings and New York at the time of the abolition of each such office shall be retained and the existing status and rights of such officers and employees in respect to grade, pension, promotion, rank, salary, seniority and tenure shall continue unimpaired. Any such officer or employee shall be assigned or transferred to civil service with a title and duties similar to those heretofore held and performed by him. An officer or employee in the unclassified civil service or in the non-competitive or exempt class of the classified civil service in any of the offices abolished may be similarly retained, upon the certificate of the county clerk in each of the counties of Kings or New York respectively that the services of any such officer or employee are necessary to the efficient conduct of his office provided such retention is approved by the Board of Estimate."

The justice presiding at Special Term, New York County, upheld the validity of the first section of the law as quoted. In so doing we are of the opinion that he was right. However, we believe that he fell into error in holding that the third sentence of the second section quoted " is an unlawful and unconstitutional interference by city officials with a State official and that this part of the bill cannot stand."

Section 8 of article IX of the New York State Constitution reads in part as follows: " In counties in the city of New York the city of New York is hereby vested with power from time to time by local law, to abolish the office of any county officer other than judges, clerk of counties and district attorneys, and to assign

any or all functions of such officers to city officers, courts or clerks of counties, and to prescribe the powers, duties, qualifications, number, mode of selection and removal, terms of office and compensation of the persons holding such offices and the employees therein, and to assign to city officers any powers or duties of clerks of counties not assigned by this Constitution."

The Administrative Code of the City of New York, section 67–3.0, provides: " Salaries; of county officials.— The salaries of all county officers in the counties of New York, Queens, Kings, Richmond and the Bronx, unless otherwise provided by law, shall be fixed by the board of estimate."

It cannot be doubted that the provision of the Administrative Code quoted is constitutional. (*Matter of Daly* v. *McGoldrick,* 280 N. Y. 210; *Matter of Devoy* v. *Craig,* 231 id. 186; *People ex rel. Plancon* v. *Prendergast,* 219 id. 252.)

In *People ex rel. Plancon* v. *Prendergast* (*supra*) the relator had been appointed by the county clerk of New York county to fill a vacancy occurring during the course of the budgetary year. The comptroller refused to pay his salary upon the ground that the filling of the vacancy had not been authorized by the board of estimate as required by the budget. It was held that the county clerk was bound by the provisions in the budget and the petition was dismissed. In writing for a unanimous court, Judge CHASE said in part: " A county clerk takes as incident to his office such powers as are necessary for the proper performance of his official duties (*People ex rel. Gardenier* v. *Bd. Supervisors of Columbia Co.,* 134 N. Y. 1, 5), and the power to appoint assistants involves the exercise of choice in respect to the appointees. (*People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32.) It may be assumed for the purpose of this decision that the selection and appointment by the county clerk of his subordinates is an incident to his office of which he cannot be deprived, but it does not follow that he cannot be reasonably controlled therein so far as the number of his subordinates is concerned and in the amount to be expended therefor, the same as his power of selection can be reasonably controlled by the Civil Service Law."

In *Matter of Daly* v. *McGoldrick* (*supra*), Judge FINCH, in writing the majority opinion of the Court of Appeals, said in part: " The primary question presented is whether the Surrogate of Richmond county should comply with the provision of the 1938 budget of the city of New York, providing that in filling a vacancy application should be made to the Director of the Budget, giving a description of the duties performed by the former incumbent and the reasons why the duties could not be distributed among the other employees

in the office. The Director of the Budget would then investigate and, based on his findings, either grant or deny the request in writing, thus guarding against the use of city funds more urgently needed elsewhere. This certificate of the Director of the Budget must be filed with the Comptroller of the city before the latter will pay the proposed incumbent. Pursuant to this budgetary requirement, the Surrogate of Richmond county originally made such written application but later withdrew the same. An appointment was then made, disregarding this requirement of the 1938 budget as to filling vacancies. Such a certificate has been held by this court to be a reasonable restriction upon the power of selection and appointment."

It seems to us, therefore, that the act is valid in its entirety and, as a consequence, the judgment, so far as appealed from, should be modified by striking therefrom the provisions declaring invalid the third sentence of section 2 of Local Law No. 70, and as so modified affirmed.

MARTIN, P. J., UNTERMYER and DORE, JJ., concur; TOWNLEY, J., dissents and votes to affirm.

Judgment, so far as appealed from, modified by striking therefrom the provisions declaring invalid the third sentence of section 2 of Local Law No. 70, and as so modified affirmed. Settle order on notice.