Thomas A. Aurelio, J.
The trustee of an express trust created February 11, 1937, amended by subsequent successive indentures on 10 different occasions, the last and final indenture being dated January 28, 1954, asks the court (a) to determine how taxes and other charges should be apportioned as between specific gifts from the trust principal to named beneficiaries, on the one hand, and the balance of the principal in the continuing trust, on the other hand; (b) for instructions and directions to petitioner as trustee as to how to pay the taxes and other charges out of the principal of the trust; (c) instructions and directions to petitioner as to how to compute the income to be paid to the beneficiaries of the specific gifts of the principal of the trust; and (d) for other relief.
*992 The trust provided that the income thereof be paid the settlor, Arthur H. Myers, during his lifetime and upon his death the trustee was directed to pay various pecuniary gifts totalling $433,000 (certain gifts aggregating $53,000 having lapsed) and hold the balance of the principal of the fund and pay the income thereof to Nancy Myers Lodge during her lifetime and, upon her death, pay over the principal to her issue.
The settlor died June 9, 1957. His estate consists of a testamentary estate subject to his will, likewise dated January 28, 1954, and a codicil thereto duly probated in the Surrogate’s Court, New York County — wherein this trustee has qualified as executor — and the afore-mentioned trust fund.
Article “ First ” of the trust indenture as amended January 28, 1954 provides: “ 1. The Trustee shall pay to the governmental authority to which the same shall be due all sums necessary to discharge all inheritance, estate, transfer, succession, probate, legacy and other death taxes or duties, together with any interest or penalties thereon, both upon or with respect to the property constituting the principal of this trust fund and also upon or with respect to property constituting the estate of the Settlor. The Trustee shall be entitled to rely upon the written statement of the executor, administrator or other representative of the estate of the Settlor with respect to the amount, validity and incidence of such taxes without further investigation.”
Article “ Fourth ” of his will provides: “Fourth: I direct that all inheritance, succession, transfer and estate taxes and duties which shall be duly assessed by any federal, state, municipal or other lawful governmental authority, domestic or foreign, in respect of any property included in my estate for the purpose of computing such taxes, together with any interest or penalties thereon, shall be paid out of the principal of the trust fund created by agreement dated February 11, 1937, between myself as Settlor and Bank of New York and Trust Company, now The Bank of New York, as trustee, as amended.”
It is conceded by all parties that the trustee, not the executor, must pay the estate taxes since both the will (par. “Fourth ”) and the trust agreement (art. “ 1 ”) so provide. Involved primarily on this proceeding is the interpretation of Mr. Myers ’ intent with respect to apportionment of estate taxes as expressed in the trust. Neither the trust indenture nor the will states whether estate taxes are to be fully or partly borne by the trust or partly or fully borne by the designated donees of the gift. The issue presented then is whether or not taxes shall *993 be apportioned in accordance with the provisions of section 124 of the Decedent Estate Law in the absence of a clear and unambiguous direction as to any alternative disposition. The applicable provisions of that section are as follows:
“ 1. Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, temporary administrator, testamentary trustee or other person acting in a fiduciary capacity, hereinafter called 1 fiduciary ’, has paid or may be required to pay an estate or other death tax under any law of the state of New York or of the United States upon or with respect to any property required to be included in the gross tax estate of a decedent under the provisions of any such law, hereinafter called 1 the tax ’, the amount of the tax, except in a case where a testator otherwise directs in his will, and except in a case where by any instrument other than a will, hereinafter called a ‘ non-testamentary instrument ’, direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such non-testamentary instrument, shall be equitably apportioned among the persons interested in the gross tax estate whether residents or non-residents of the state to whom such property is or may be transferred or to whom any benefit therein accrues, hereinafter called the 1 persons benefited ’, in accordance with the rules of apportionment herein stated, and the persons benefited shall contribute to the tax the amounts apportioned against them.
* * *
“ 3. In the absence of directions to the contrary, (i) apportionment of the tax shall be made among the persons benefited in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited, the values as finally determined in the respective tax proceedings being the values to be used as the basis for apportionment of the respective taxes
The attorneys for the residuary life beneficiary and the special guardian on behalf of the infant children remaindermen urge that the tax burden should be equitably pro rated between the trust and the donees beneficiarcies. The donees of the individual gifts argue that it was the intent of the settlor that the gifts were to be paid over by the trustee free of all estate taxes.
We are, therefore, primarily concerned with the interpretation of Myers’ intent with respect to the apportionment of estate taxes as expressed in his trust.
*994 There is no statement in either the will or the trust that taxes are not to be apportioned. Subdivision 3 of section 124 provides that “ apportionment of the tax shall be made among the persons benefited, * * * in the absence of directions
to the contrary ”. Subdivision 1 of section 124 also provides that the tax burden be equitably pro rated unless the trust indenture contains a direction for apportionment “ within the fund ”.
In Matter of Mills (189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012 [1948]) the court said, at page 142: “In a tax allocation problem the text of the will is to be scanned only to see if there is a clear direction not to apportion; and if such explicit direction is not found, construction of text ceases because the statute [§ 124] states the rule.” (Emphasis supplied.) Here there is no provision in either instrument against such apportionment, nor do the 16 beneficiaries under article First (2) refer to any such provision. This article simply provides that the trustee and not the executor shall pay the taxes. No specific provision is made as to whether the taxes so paid shall be recouped or charged to the gift over to Nancy Myers Lodge or pro rata from her, the infant contingent remaindermen and from the beneficiaries as well.
As the Court of Appeals in Matter of Pepper (307 N. Y. 242 [1954]) stated at pages 250 and 251: “this will does not contain a direction against statutory apportionment. However, in deciding this case we need not go that far. We need only hold that it does not contain a clear and unambiguous direction to that effect. There is a strong policy in favor of statutory apportionment. Those who contend against apportionment must bear the burden of proof (Matter of Kaufman, 170 Misc. 436; Matter of Dettmer, 179 Misc. 844) and the direction in testator’s will must be clear and unambiguous. As was said in Matter of Mills (189 Misc. 136, 141, affd. 272 App. Div. 229, affd. 297 N. Y. 1012, supra): ‘ In case of doubt as to what the will means on the subject of taxes the statutory direction to apportion is absolute. ’ ”
The immediate issue at hand is a request submitted on behalf of the attorneys for the donees that the court hear testimony of the draftsmen of the trust instrument and amendments to show or clarify the grantor’s intent on this issue. I am of the opinion that the proffered evidence is inadmissible in that the trust agreement contains no provision against apportioning taxes within the trust fund and, therefore, section 124 of the Decedent Estate Law prohibits any further or collateral inquiry on that point.
*995 It is conceded that the proffered evidence is ‘ ‘ extrinsic to the Trust instrument itself This evidence would not be offered to clarify an ambiguity in either instrument, for in this case we are concerned with an omission rather than a conflict between two possible meanings. (Leggett v. Stevens, 185 N. Y. 70 [1906]; 9 Wigmore, Evidence, § 2473.) Such evidence cannot be an interpretation, for there is nothing to interpret.
The omission from the will and the trust instrument of any provision as to not apportioning taxes among the benefited parties makes mandatory the application of the provisions of section 124 of the Decedent Estate Law.
Since both the will and the trust agreement are clear that the testamentary estate is not to bear the tax, therefore, the taxes will be apportioned among the beneficiaries of the trust fund, within the trust, in proportion to the relative interest of each of the individual cash beneficiaries. A distribution on account was made by the trustee to these beneficiaries within the seven-month period immediately subsequent to Mr. Myers’ death. The beneficiaries of the specific gifts of trust principal are entitled to receive income on such part of their specific gifts as ultimately remains after deducting their share of such apportioned taxes and other charges, at the rate of 6% per annum, from the date of the settlor’s death to the dates of partial distributions, and thereafter on any balance of such part until they have been paid in full.
Settle order embodying these findings, providing for the allocation and apportionment of the taxes and other charges. Fees and allowances will be fixed on the order to be settled herein; counsel for various parties should submit affidavits and reports, on notice, in connection therewith.