Burton S. Sherman, J.
Motions numbered 59 and 60 are consolidated for the purpose of this disposition. The question for determination is whether a city employee who resigned pursuant to agreement is entitled to retroactive salary increases.
The plaintiff cross-moves for summary judgment and the defendant City óf New York moves to dismiss the complaint.
During a disciplinary proceeding on April 13,1970 the defendant City of New York stipulated to withdraw charges and to refrain from pressing criminal Charges on condition that the plaintiff resign his employment with the city as a Senior Air Pollution Inspector. Since the plaintiff had accrued compensar *339 tory overtime of 772 hours and 60 days’ annual leave, it was further agreed that he be permitted to remain on the payroll and draw his salary check biweekly without actually appearing for work until such accumulated overtime and annual leave were exhausted. Thus, by agreement, the plaintiff remained on the payroll until January 18, 1971 when his resignation became effective.
In May, 1971 as a result of a collective bargaining agreement, those members who were in the same position as formerly held by plaintiff with the city were granted a salary increase retroactive to July 1, 1970. Plaintiff now claims he is entitled to such retroactive increase from July 1, 1970 until the date of his resignation on January 18, 1971. The stipulation and collective bargaining agreement are silent as to the effect of retroactivity.
Section 1103-4.0 of the Administrative Code of the City of New York and the regulations governing compensatory time off (compensation for overtime, Mayor’s Personnel Order, No. 54/68, as amd. December 2, 1970) provide that overtime shall be compensated in time off. The law in the First Department appears to be that a governmental employee’s right to receive the monetary equivalent for accrued annual leave and overtime compensation depends upon the continuance of the employer-employee relationship. (Rosenthal v. Walsh, 69 Misc 2d 612.)
Plaintiff alleges that he seeks only the retroactive increase for money already paid during time off granted to exhaust his accumulated time. However he still in effect is seeking additional compensation for accrued overtime leave subsequent to resignation. At least this appears to be the substance of his claim. If this is so he is precluded from doing so (Rosenthal v. Walsh, supra). However, this is a unique situation in that the actual terms of his resignation were governed by a stipulation which is silent as to the issues now raised. And while parol evidence is inadmissible to supply an omission, absent an ambiguity in meaning (Matter of Myers, 20 Misc 2d 990, mod. 10 A D 2d 823, affd. 8 N Y 2d 947), the question of the intentions of the parties at the time of the stipulation can best be explored by the trial court. This may also affect the determination of the question of the plaintiff’s failure to sign his checks ‘1 under protest ”.
Accordingly, the motion and the cross motion are denied and the defendant is directed to serve and file its answer within 20 days after receiving a copy of this order with notice of entry thereon.