Burton S. Sherman, J.
The plaintiff in this nonjury action seeks as damages a salary increase which he alleges was awarded to him when he was an Assistant District Attorney but never paid before his resignation from .office. ¡Since the relationship between the parties was contractual, the question for consideration is, did the parties create a new employment agreement which defendant breached? ¡Such determination will also ¡answer the narrow question as to when retroactive salary increases to city employees in positions similar to plaintiff vest?
Prior to June 20, 1973, plaintiff was advised by the District Attorney that he had been recommended for a merit salary increase, effective July 5, 1973. On June 20, 1973, the District Attorney’s office forwarded to the Bureau of the Budget, Office of the Mayor a formal request (Form M-10M, certificate number Modification 902-05 MA5) seeking an adjustment in its budget. Included in this request was a proposed $2,000 annual salary increase for the plaintiff. The increase was ¡approved by the Bureau ¡of the Budget on August 15, 1973, retroactive to July 5, 1973. A signed copy of the approval was also sent to the Comptroller’s office so that the city payroll could be adjusted accordingly. It was admitted by the defendant that there is usually a time lag of at least several weeks between budget approval and payroll adjustment. It was during this period, after approval but before payment that plaintiff resigned on August 31, 1973. While his prior salary continued, he never received the retroactive increase from July 5, 1973 through August 31,1973.
It is stated by the defendant that the purpose of salary increases is to reward service and retain competent employees. It is the policy that if an employee resigns prior to payment, the increase is simply not paid. However, while a raise in salary as :an incentive for continued service is commendable, it cannot, absent some special agreement, prevent an employee from subsequently resigning. And there was no proof of such a special .agreement in this case. Clearly the increase was not considered a year end bonus, nor was it based upon some subsequent or precedent condition of continued employment.
*230 ■Section 930 of the County Law of the State of New York confers upon the Mayor of New York the responsibility for adjusting salaries for the District Attorneys’ offices. It has been held that such responsibility is to be jointly administered with the District Attorney. (People v. McGoldrick, 257 App. Div. 316.) However with the financial crisis of recent years and to avoid fiscal mismanagement, the Mayor has assumed responsibility for and control of the .budget of the District Attorneys ’ offices. Subdivision c of section 123 and section 124 of the New York City Charter permits the Mayor, acting through the Bureau of the Budget to adjust or grant salary increases to employees in an agency within the appropriated budget for the fiscal year. Once there is approval it is the duty of the Comptroller to make payment thereunder. Under these circumstances, where no provisions of the Civil Service Law or other statutes are involved, the Comptroller’s duty is ministerial. (New York City Charter, ch. 5; Administrative Code of the City of New York, § 93C-2.0.)
The court finds therefore that prior to June 20, 1973 the parties entered into a new employment contract subject, because of the afore-mentioned laws, to ratification by the Bureau of the Budget. Such written ratification was subsequently obtained. The city was thereafter bound to abide by the agreement. The fact that payment of the increase was not immediately made does not in any manner absolve the city from liability for breach of the contract. The plaintiff is entitled to the retroactive increase from July 5, 1973 through August 31, 1973.
It should be pointed out that this decision is restricted to employees who hold the same or similar exempt positions with the city as the plaintiff. It does not necessarily include those employees whose civil service status may impose a different employer-employee relationship; nor does it involve those situations where compensation is sought for sick leave or overtime subsequent to resignation. (Cf. Rosenthal v. Walsh, 69 Misc 2d 612; Hart v. City of New York, 75 Misc 2d 338.)
Plaintiff may have judgment for the agreed sum with interest from August 31, 1973.