Philip B. Heller, J.
The two cases above captioned were separately tried. Since they involve related factual and legal questions, this memorandum is applicable to both cases.
The plaintiff in each case is a former employee of the defendant village who had as of June 30,1963, been in its employ for more than 12 months, at a weekly rate of pay and upon the understanding that he would receive two weeks’ vacation with pay after each 12 months of service. Each plaintiff had, therefore, earned two weeks’ vacation with pay as of June 30, 1962, and was clearly entitled thereto. Because vacations were not to be taken during the Summer, each would have received his two weeks’ paid vacation in the Fall of 1963.
However, neither plaintiff received his earned vacation in 1963 because one (Van Dyke) was discharged during the first week of September, 1963, and the other (Fuerst) left the defendant’s employ of his own accord as of August 24, 1963.
The defendant appeared by attorney and answered but offered no evidence (except by cross-examination of the plaintiff Fuerst, cross-examination of the plaintiff Van Dyke being waived) and pleaded only a general denial of the allegations made by the respective plaintiffs. Accordingly the issue to be resolved is essentially legal. Neither side has submitted any memorandum of law despite opportunities to do so.
The defendant’s only contention was that it could not legally make payment of sums equal to the wages it would have paid to each of the plaintiffs had they actually taken their vacations while on the defendant’s payroll. Otherwise stated, the defendant argues that vacation with pay may not lawfully be commuted to payments alone after employment is terminated even though the vacations have been fully earned. Such a harsh result is not *910 consonant with any modern standard of fair treatment of employees and the court could not in good conscience dismiss the complaints unless the authorities so mandated. They do not.
Section 92 of the General Municipal Law (entitled “ Vacations, sick leaves and leaves of absence of officers and employees ”) provides that “ The governing board of each * * * village * * * may grant vacations # * * with or without pay ’ ’. It continues: “Notwithstanding any other provision of law, any such governing board may also in like manner provide for cash payment of the monetary value of accumulated and unused vacation time * * * standing to the credit of its officers and employees at the time of their separation from the service ” (emphasis supplied). That part of the statute last quoted was enacted in 1958 and amended in 1960 in respects not here pertinent.
There had been a ruling by the State Comptroller in 1957, that a municipality had no power to commute vacation credits into cash. (13 Op. St. Comp., 1957, p. 4.) It is unnecessary to determine that the statutory addition made to section 92 of the General Municipal Law in 1958 was solely prompted by that decision. The fact is that the 1958 legislation, still on the books, authorizes payment of money in lieu of earned paid vacation time for employees who have been separated from service. The Comptroller has recognized this. In 1960 (16 Op. St. Comp., 1960, p. 310) he noted that “ There are no statutory provisions authorizing any municipality * * * to commute vacation credits into cash except that local governing bodies may provide cash payment of the monetary value of accumulated unused vacation time at the time of separation from service ”. (Emphasis supplied.) His decision in that case was that a village may even pay employees in advance for accumulated vacation time. (Of. discussion in 16 Op. St. Comp., 1960, p. 30.) ,
The defendant’s position, asserted at the trial that payment would be illegal, is not well taken. It is, therefore, overruled. The essential facts having been found in favor of the plaintiffs a separate judgment has been signed in each case accordingly for the undisputed amounts involved.