Leonard L. Fine, J.
In this action plaintiff seeks to recover for vacation pay following his termination as a provisional employee of the City of New York. There is no dispute that plaintiff, as a provisional employee, had accumulated a certain amount of vacation pay (although the specific amount is disputed). The major issue is whether the plaintiff, as a provisional employee of the City of New York, lost his rights to accrued vacation pay upon termination of his employment.
The plaintiff was originally employed as a provisional employee in the engineering department of the Board of Education apparently under the authority of section 65 of the Civil Service Law. He remained as a provisional for approx *207 imately eight and one-half years, having received interim appointments under the controlling statutes. On January 28, 1966 plaintiff was advised by the personnel officer in charge that an eligible list had been certified and that plaintiff’s employment was in jeopardy. Subsequently on February 1, 1966 notice was mailed to plaintiff that his employment would terminate effective February 4, 1966. Plaintiff continued to report to work up to the last day of his employment, at which time it is claimed that he had accumulated certain vacation pay which is the subject of this action. The defendant offered a series of records and documents, including the monthly time reports indicating that the vacation time, if due to plaintiff, would aggregate less than that which was being claimed by the plaintiff, which documents were admitted into evidence as defendant’s Exhibit “ A ”.
The major issue, aside from the variance in the amount of vacation time actually accrued, is whether the plaintiff as a provisional employee of the City of New York lost his rights to accrued vacation pay upon termination of his employment. There appearing to be no prior decisions that are controlling, the issue to that extent is novel and of first impression.
Section 65 of the Civil Service Law reads in part as follows: ‘11. Provisional appointments authorized. Whenever there is no appropriate eligible list available for filling a vacancy in the competitive class, the appointing officer may nominate a person to the state civil service department or municipal commission for non-competitive examination, and if such nominee shall be certified by such department or municipal commission as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination ” (emphasis supplied).
Rule 5.17 of the Rules and Regulations for Administrative Employees of the Board of Education of the City of New York provides as follows: ‘ ‘ Provisional and temporary employees shall have the same annual leave benefits as regular employees, unless certification of eligible list prevents, except that they may not be permitted to use annual leave allowances for other than religious holidays until they have completed four months of service.” (Emphasis supplied.)
Defendant asserts that plaintiff was appointed merely to fill a vacancy until a selection and appointment could be made for such position after a competitive examination; that thereupon plaintiff’s employment in that position would be terminated. (Matter of McCann v. Kern, 262 App. Div. 109 [1st Dept. 1941], *208 affd. 287 N. Y. 581 [1941].) Defendant contends further that plaintiff’s right to payment for accrued vacation is governed by rule 5.17 of the Rules and Regulations for Administrative Employees of the Board of Education which reads in part that: “ Provisional and temporary employees shall have the same annual leave benefits as regular employees, unless certification of eligible list prevents ” (emphasis supplied).
The defendant argues that certification of an eligible list prevented the board from granting plaintiff his accrued vacation pay in that plaintiff’s salary line was taken over by the new employee and that there was no other line or authorization to predicate payment by the board to him.
To pay plaintiff his earned vacation pay after the relationship of employee and employer has terminated, the defendant argues, would constitute a gift of public funds and would violate section 1 of article VIII of the New York State Constitution. Matter of Mahon v. Board of Educ. of City of N. Y. (171 N. Y. 263 [1902]) is cited as authority for this contention.
The reliance by the defendant upon rule 5.17 of the Rules and Regulations for Administrative Employees of the Board of Education requires that the legal basis upon which said rule is promulgated be given the scrutiny of judicial review.
The net effect of the rule, if it were to be rigidly applied and if it were to be interpreted in the manner advanced by the defendant, would be to summarily remove a provisional employee’s rights to earned vacation pay simultaneously with his dismissal. Although the court does not question the defendant’s right to dismiss, it does challenge most strenuously its right to excise the provisional employee’s earned product of his labor.
It is an established principle that provisional appointees acquire no vested rights or vested interests to permanent appointment by virtue of their temporary service as provisional employees. Hence, a provisional or temporary employee, as such,- has no actionable legal basis to support a move toward permanency in his position short of proceeding through the usual competitive civil service route. At best, his appointment is based upon privilege, not right, and thus the refusal by the appointing authority to employ him in permanent civil service certified status is not violative of his natural or inalienable rights. (Matter of Fink v. Kern, 176 Misc. 114, affd. 262 App. Div. 829.) Such, however, is not the issue in the instant case. Although the plaintiff had no greater natural rights than he had prior to his provisional'appointment, he did continue to *209 enjoy certain rights of which he was always the owner and of which he could not be deprived. Such rights included his right to receive compensation for work actually performed, such compensation to take form either as salary or accrued vacation pay in accordance with the reiterated statutory portion of rule 5.17 which guaranteed that as a provisional employee he ‘ ‘ shall have the same annual leave benefits as regular employees ”. To the extent that the plaintiff actually earned the amount as could be identified as accrued vacation pay, said accrual became a vested right which could not be legislated away by administrative or legislative fiat. To do so is in direct contravention of section 6 of article I of the New York State Constitution which states that “No person shall be deprived of life, liberty or property without due process of law.”
The court finds that the subject language of rule 5.17 to wit, “unless certification of eligible list prevents” is violative of section 6 of article I of the New York State Constitution in that it 'seeks by legislation to remove a vested right, which right should not be at the sufferance or mercy of the “ certification of ” an “ eligible list ”. It appears, therefore, that that portion of rule 5.17 which is the subject of this matter, as previously set forth, is contaminated with unconstitutionality and is therefore void.
In addition to the reasons cited above, the specific language “ unless certification of eligible list prevents” is so fraught with ambiguity and vagueness as to make it, in the absence of any legislative memoranda, impossible of proper interpretation. The specific language lacks clarity and direction so that resolving such ambiguities against the framers of the language must lead to the same result and in the favor of the plaintiff.
For the above-stated reasons alone, judgment should be awarded to the plaintiff.
The defendant, however, cites Mahon v. Board of Education (supra) and advances the gift theory (in the form of vacation pay), which the defendant argues would be violative of the New York State Constitution. These stated arguments, although not completely in point, contain sufficient interest in their approach to warrant a further judicial examination of their merits notwithstanding the ruling of this court concerning the constitutional invalidity of the offending language of rule 5.17.
The reliance upon the Mahon case seems to be strained since the court in the Mahon decision was confronted with the question of whether the Legislature had the right to use public funds to establish pension rights for retired school teachers *210 who upon their retirement had no such pension rights. The Court of Appeals held, and properly so, that such funds, if used in the manner set forth would in effect be a gift of public funds, and as such violative of the New York State Constitution (now art. VIII, § 1). The Mahon case gives direction to the instant matter only if it be said that the vacation pay which the defendant admits had accrued to and was earned by the plaintiff constituted public funds in the framework and understanding of the Mahon decision.
In determining the issue of whether the subject vacation pay falls within the purview of public funds, it is necessary to examine the totality of the employer-employee relationship of the plaintiff and the defendant. During the employment of the plaintiff (which lasted 8% years) the plaintiff by virtue of his service and in accordance with section 65 of the Civil Service Law and rule 5.17 of the Rules and Regulations for Administrative Employees of the Board of Education of the City of New York, accrued certain rights. Those rights, including the payment of vacation pay which accrued in favor of the plaintiff, could not be severed unilaterally by the defendant City of New York. The sum equal to the vacation pay of the plaintiff upon plaintiff’s dismissal belonged not to the city but to the plaintiff. These were not public funds, but rather moneys which the plaintiff, by virtue of his own personal service to the defendant city had earned. Unlike the Mahon case wherein the funds were pu/blic in every sense of understanding, the subject funds in the instant matter were funds which fluctuated in size depending specifically upon the length and duration of service actually rendered by the plaintiff.
In the instant case, the defendant City of New York, by virtue of the authority vested under subdivision 3 of section 65 of the Civil Service Law effective April 1, 1963, had 60 days from the establishment of “ an appropriate eligible list ” to fill the subject vacancy. Simply stated, the city could have served written notice upon the plaintiff that he had accrued a specific amount of annual leave and that his employment would terminate on a date that would have included the earned leave. The defendant thereafter could have filled the vacancy from the established list commencing subsequent to the plaintiff’s final day of leave and still be within the 60-day discretionary period within which the defendant could have made a new appointment. Plaintiff, under those circumstances, would have had the full opportunity of enjoying the fruits of his earned vacation pay by scheduling his absence from employment so as not to forfeit his earned vacation pay.
*211 It was never the intention of the Legislature to deprive an employee of that which he earned; and if the city, by its unilateral action could sever the employer-employee relationship of a provisional employee on a specific date, the effect of which would deprive said employee of his accrued annual leave, said dismissal without correlative payment of accrued leave to the dismissed employee would in effect serve as an inducement by the city to use its dismissal power in an arbitrary, improvident and unfair manner with the result that the city would be the recipient of an unjust enrichment. Such action would, of course, ■be against the public interest and tend to undermine the job stability of provisional employees whose original appointments admittedly are made to fill vacancies wherein emergency situations exist, there being no certified eligible employee available for said appointment.
The provisional employee knows at the time of his employment that his status is temporary at best. He knows, too, that until such time that he is discharged by the certification of an eligible list, his annual and sick leave benefits parallel those of certified eligible employees. The public interest demands that he serve in his position to the best of his ability with full-time service and with a minimum of interruption, except for actual annual leave taken at times approved by the employing agency. To deny the plaintiff his leave in the manner set forth in this action, would serve to induce provisional employees to use up their annual leave almost as quickly as it accrues. ¡Such action by provisional employees would lead to service “ gaps ” and create an atmosphere of such “ temporariness ” as to be contrary to the public interest.
The city, as an employer, should be in no more favored position than a private employer in its dealings with its employees. Certainly, a private employer should not be permitted to act in a manner designed to deprive an employee of that which he has earned and the city .should be held to at least the same standard, if not a higher one. (Fuerst v. Incorporated Vil. of Bayville, 40 Misc 2d 909 [1963], although not specifically in point, supports in general the conclusions reached in the instant matter.)
Accordingly, judgment is awarded to the plaintiff in the sum as set forth in the official record of this court, with appropriate interest.