Harold Baer, J.
Plaintiff moves for summary judgment for the cash equivalent of accumulated vacation and overtime. Defendant’s affidavit in opposition requests summary judgment dismissing the complaint.
*184 Plaintiff was an examining attorney employed by the New York City Department of Investigation in an exempt position. On February 1, 1966 his employment was terminated by summary dismissal by order of the commissioner. Plaintiff now seeks to recover the cash equivalent of the vacation and overtime accumulated during his 20 years of employment.
The commissioner was within his rights in discharging the plaintiff. That issue was decided (see Matter of Darcy v. Fraiman, 49 Misc 2d 319, affd. 25 A D 2d 951, mot. for lv. to app. den. 18 N Y 2d 578). The only question remaining is whether plaintiff, properly dismissed, has a right to receive the cash equivalent of the vacation and overtime which he accumulated.
Section B40-7.0 of the Administrative Code of the City of New York, in effect during most of this plaintiff’s employment, provided for vacations to be given to New York City employees, and that ‘ ‘ the same compensation shall be allowed as if the recipient were actually employed ”. While this section authorizes the granting of vacations with pay, plaintiff would not be entitled to same unless at the time he claimed his rights thereto there existed between him and defendant the relationship of employer and employee. If that relationship was broken by his separation from service, then the right was lost and could not then and cannot now be enforced (Matter of Doering v. Hinrichs, 289 N. Y. 29, 33). By chapter 100 of the Laws of 1963, the Administrative Code was amended to conform with the newly adopted Charter. The amended code did not include section B40-7.0 because vacations and leave regulations generally were covered by the Career and Salary Plan of 1956, later amended on March 23,1964, and Personnel Order No. 27/64. This plaintiff could derive no benefit from this plan, as exempt class employees were excluded. Vacation or leave for such employees was left entirely to the discretion of the department head.
There is no statute permitting payment for vacation days, compensatory time, or sick leave not taken while employed. Such a recovery would be entirely inconsistent with the theory upon which vacation or other leave periods are granted (Matter of Croker v. Sturgis, 175 N. Y. 158,163; Nolan v. State of New York, 44 N. Y. S. 2d 328; Crane v. City of New York, 185 Misc. 456, affd. 270 App. Div. 930, affd. 296 N. Y. 717; Stetler v. McFarlane, 230 N. Y. 400; Matter of Richer v. Board of Educ., 196 N. Y. S. 2d 17).
In addition, section 160 of the Labor Law has been construed as a bar to plaintiff’s claim for overtime compensation (Burns v. City of New York, 121 App. Div. 180; see Public Officers Law, § 71 [on vacation pay]).
*185 In the light of the above cases, the court does not consider itself bound by the decision in Vaccaro v. City of New York (54 Misc 2d 206).
Plaintiff’s motion for summary judgment is denied. Defendant’s motion for summary judgment is granted and the complaint is dismissed.