Per Curiam.

It is conceded that plaintiff had worked in the Magistrates’ Court on weekends and holidays for a number of days from November 24,1960 to November 24,1961. She retired on March 23, 1962 without ever receiving credit therefor either by time off or monetary payment. On October 29, 1965, the Presiding Justices -of the Appellate Division for the First and Second Departments handed down a decision in an employee grievance proceeding determining and ordering that the employee there involved be credited with compensatory time off earned for the time worked on weekends and holidays during the period dating from November 1, 1960 to June 30, 1962. There is no doubt that had the instant plaintiff not retired, she would have been the beneficiary of a similar ruling granting her time off. Since she is no longer an active employee, she is .seeking the monetary equivalent.
The case of Stetler v. McFarlane (230 N. Y. 400), cited by appellant for the proposition that there must be statutory authority for payment in lieu of earned leave, is not applicable here. This and the other case cited by appellant involve situations where the recipient of the earned leave was fully aware of the time coming to him but for one reason or another failed to utilize the time before employment ceased. In the instant matter a judicial determination on which plaintiff could rely did not come down until October, 1965, some three years after she retired. Her right to extra time off was, theref ore, unrecognized by her superiors, and before her retirement it was impossible to avail herself of it.
*1031 The city erroneously saw fit to deny compensatory time tq plaintiff while she was employed. The city, having benefited by her services, should be held accountable. Absent statutory mandate, in the eyes of the court, the City of New York as a litigant has no greater or lesser status than any other litigant. In ordinary circumstances, the recipient of the extra services rendered would be deemed unjustly enriched thereby and required to answer in damages therefor. The City of New York should be held similarly answerable.
Judgment should be affirmed, without costs.