Lester Sacks, J.
Plaintiff brings this action on behalf of her husband’s estate to recover from the City of New York the monetary value of accumulated and unused vacation and compensatory time. The action against defendant Thomas F. McCoy, as State Administrator, was discontinued during the course of this litigation.
The City of New York appeared by moving to dismiss the complaint. Its motion was denied with leave .to serve an answer. No answer having ever been served, the matter comes before this court solely for assessment of damages.
Plaintiff’s late husband, Siegfried Konig, had been employed as a clerk of the Criminal Court of the City of New York for 28 years. At his death 41% vacation and 36 compensatory days were owed to him. Plaintiff seeks the monetary value of this time.
While it is the law of this case that plaintiff’s claim is valid, the court believes that in the interest of other employees (or their estates) who may find themselves similarly situated, a discussion of the matter is in order.
The City of New York is empowered to grant vacations, sick leaves and leaves of absence to its employees with or without pay and, in fact, in many instances, does. In like manner it is also empowered to pay the monetary value of unused vacation and compensatory' time to its employees at the time of their separation from service by death or otherwise (General Municipal Law, § 92, subd. 1).
*1040 Court employees paid by a fiscal authority whose budget permits payment in cash for accrued vacation time shall at separation from the unified court system be entitled to compensation in cash for unused vacation time, not in excess of 30 days (Rules of Administrative Board of the Judicial 'Conference of State of New York, § 24.1, subd. [b], par. [1]; 22 NYCRR 24.1 [b] [1]). This covers employees paid by a fiscal authority whose budget permits payment in cash for unused vacation time at separation; it neither covers employees with unused compensatory time, nor those paid by a fiscal authority which makes no budgetary provisions for payment in cash for unused vacation time. It is not therefore applicable to this situation which involves an employee with unused compensatory time, who is paid by a fiscal authority which makes no provision for payment in cash for unused vacation time.
The court finds authority in the City of New York to pay the monetary value of unused vacation and compensatory time to its employees at separation from service by death or otherwise. There is no prohibition against commuting unused vacation and compensatory time to cash at separation from service. Absent such prohibition, the court is unwilling to conclude that it is the public policy of this State not to compensate employees of the unified court system for unused vacation and compensatory time at their separation from service by death.
While the City of New York is empowered to pay the monetary value of unused vacation and compensatory time to its employees at separation from service by death, it does not follow that its failure to do so defeats its employees’ right thereto. If that is intended, let it be written into the law. Not finding it there, the court believes that the rule of common decency and fair dealing prevails. Employees are entitled .to the monetary value of unused vacation and compensatory time standing to their credit at death. To deny them cash compensation for unused time is not consonant with the modern standard of fair treatment of employees. (Fuerst v. Incorporated Vil. of Bayville, 40 Misc 2d 909.)
Plaintiff’s testator served the City of New York well and true for over 28 years. As part of his employment he was entitled to vacation and holiday time. Because of the press of business in the Criminal Court of the city, and .the need for his services, he was impressed into service above and beyond the time he was required to serve. While others vacationed and celebrated our national holidays, he worked. If fate had not intervened he would have been entitled to enjoy his vacation and compensatory .time with full pay, but this was not to be, because of an *1041 event, not of Ms own choosing, over which he could exercise no control. To deny him his compensation flies in the face of justice. The court will not be a party to it. No man may be deprived of his compensation. The laborer is worthy of his hire.
Jeremiah cried out against King Jehoikim of Israel when he wrongly used forced labor to build palaces for himself. “ Woe unto him ” said Jeremiah “ that buildeth his house by unrighteousness and his chambers by injustices; that useth his neighbor’s services without wages and giveth him not his hire.”
The city will be held to a standard of common decency and fair dealing. It will not profit from the death of this employee. To pay him his vacation and compensatory time is not a gift of public funds and does not violate the New York State Constitution. On the contrary .to deny him his compensation for work actually perf ormed deprives him of a vested right in contravention of the New York State Constitution which mandates that “No person shall be deprived of life, liberty or property without due process of law ”, (Vaccaro v. Board of Educ., 54 Misc 2d 206, 209.)
The court finds that at Siegfried Konig’s death there were 41% unused vacation days and 36 unused compensatory days or a total of 77% days owed to him, the monetary value of which is $4,458.58, for which amount judgment is awarded .to plaintiff.