Jerome W. Marks, J.
Plaintiff brings this action against the defendants, City of New York and Department of Public Works, and alleges that there is due to him for overtime compensation from the defendants the adjusted sum of $2,764.55.
This is a nonjury case. Findings of fact and conclusions of law were waived.
The facts are not in dispute.
Plaintiff was a civil service employee, who was engaged as a computer programmer by defendants and was in their employ and service from October, 1963 to and including October 28,1966, when he resigned to accept private employment.
During the period of his employment, plaintiff worked 95 and 5/7 days of overtime for which he was never compensated and he now seeks recovery therefor.
It is defendants’ contention that payment cannot be made to plaintiff in terms of dollars and cents and that in order for him *963 to obtain credit for overtime work, he was required to remain on defendants’ payroll and thus obtain “ compensatory time off ” in satisfaction and discharge of his overtime work. This, he never received.
Defendants also assert that section 1111 of the New York City Charter prohibits any city agency (in this case the Department of Public Works) from incurring any liability or expense in excess of the amount appropriated therefor and no charge or claim of liability shall exist for any sum in excess of the amount appropriated.
In addition thereto defendants challenge plaintiff’s right of recovery upon the further ground that section 1 of article VIII of the New York State Constitution prohibits defendants from effecting payment to plaintiff, upon the ground that such payment would constitute a gift.
The Board of Education of the City of New York was faced with a similar problem in Vaccaro v. Board of Educ. of City of N. Y. (54 Misc 2d 206). There the plaintiff, a provisional employee, sought to recover vacation pay following his termination as a provisional employee. The issue was flatly presented as to whether the plaintiff in the cited case lost his rights to accrued vacation pay upon the termination of his employment. Defendant board in Vaccaro v. Board of Educ. of City of N. Y. (supra) also urged the gift theory and cited Matter of Mahon v. Board of Educ. of City of N. Y. (171 N. Y. 263). But Mahon is not in point and not determinative of the issue now before this trial court. Mahon was confronted with the question whether the Legislature had the right to establish pension rights for retired school teachers by the use of public funds. It did not deal with a New York City employee who had put in and worked many hours overtime for which he was never compensated or had received “ compensatory time off.”
In Vaccaro (supra) the court, recognizing the board’s unjustifiable position, directed that plaintiff be compensated for his accrued vacation pay and it did not matter that he was a provisional employee.
Matter of Teachers Assn., Cent. High School Dist. No. 3 (Board of Educ., Cent. High School Dist. No. 3) (34 A D 2d 351) is a case in point. There the court, in reversing the court below, held that the State and its municipalities, in granting pensions, vacations or military leave are not conferring gifts upon their employees; that rewards such as these are conditions of employment and are a form of compensation withheld or deferred until completion of continued and faithful service. In *964 this, the cited case, the Appellate Division determined that section 1 of article VIII of the State Constitution was in nowise violated by making payment of accumulated sick leave to the estate of a deceased teacher.'
No statute or local law or rule of the defendant city or any of its agencies having the force and effect of law prohibits the payment of compensation for overtime work. To deprive plaintiff of such payment is legally wrong and morally unjustifiable. No claim is made that plaintiff was not a faithful and competent employee. This trial court declines to encourage a course of conduct or pattern that would deny payment for work honestly and conscientiously performed.
The city’s answer admits having voluntarily paid plaintiff compensation, in the form of annual leave (vacation pay) for the period of September 12 through October 7, 1966. Plaintiff is alleged not to have performed any services subsequent to September 11, 1966, and is recorded in the payroll records of the Department of Public Works as having resigned, effective September 12, 1966. This clearly represents the payment of compensation for a period of time subsequent to the plaintiff’s separation from the city service. Although the city now maintains that the payment of such sums are specifically prohibited without prior approval of the Budget Director and others, nevertheless the plaintiff’s employers authorized and permitted accumulated and earned annual leave to be paid to plaintiff in the form of cash compensation after September 12, 1966. It follows that if the plaintiff was entitled to receive accumulated and earned annual leave compensation subsequent to his separation from the city service, which payment must have been approved and authorized by his administrative superiors, then he is likewise entitled to be compensated for accumulated and earned overtime. “ The city, as an employer, should be in no more favored position than a private employer in its dealings with its employees. Certainly, a private employer should not be permitted to * * * deprive an employee of that which he has earned and the city should be held to at least the same standard, if not a higher one. ” (Vaccaro v. Board of Educ. of City of N. Y., supra, p. 211.) (See Konig v. McCoy, 63 Misc 2d 1038.)
Accordingly, plaintiff is entitled to have judgment against the defendants for the sum of $2,764.55 and appropriate interest.