Richard W. Wallach, J.
Plaintiff moves for summary judgment in this action to recover, as compensation allegedly due to him from his former employer, the Housing and Development Administration (“HDA”), the monetary equivalent of 53 days of unused annual leave and 20 days of unused overtime (139 hours) or the total sum of $6,286, less only the sum of $430 paid to him by HDA for 5 days ’ annual leave which the latter asserts is payment in full.
Many of the pertinent facts are admitted in the pleadings. Thus it is undisputed that on or about December 13, 1967, plaintiff commenced his employment in HDA and that, retroactive to July 1,1970, his annual salary was $22,450 per annum. As of September 1, 1970; plaintiff had 45 days of annual leave and 468 hours of overtime due him which were earned prior to February 1, 1970. On September 28, 1970, plaintiff’s immediate superior approved plaintiff’s request for a two-month leave of absence with pay beginning November 2, 1970, with the leave to be charged against his accrued overtime balance. Plaintiff took this leave commencing November 1, 1970, and received pay charged to overtime through January 1, 1971. At his request, the leave was further extended, but only to January 15,1971.
Significant now are the allegations of paragraph 7 of plaintiff’s complaint: “Personal reasons made it impossible for the plaintiff to return to work by January 18, 1971. Hpon realizing that, the plaintiff telephoned his HDA supervisor and spoke about the possibility of extending his leave. The plaintiff also said that he was not sure when he could return to the HDA and offered to resign effective as of the end of his accrued annual leave and overtime if that would be administratively preferable to the HDA. His supervisor indicated that resignation would be better, and the plaintiff submitted his resignation by letter of January 9, 1971.”
HDA admits the last-quoted sentence of paragraph 7 only, denying knowledge or information as to the balance. .
Plaintiff’s resignation letter of January 9 was carefully framed, and is consonant with the allegations of paragraph 7 of the complaint. He stated: ‘ ‘ My resignation will be effective upon the expiration of my accrued leave. ’ ’
Both parties move for summary judgment on the theory that this dispute as to plaintiff’s entitlement presents questions of *614 law only. For the reasons hereinafter set forth, the court disagrees.
At the threshold HDA has invoked the provisions of a departmental memorandum dated March 31, 1970, from the HDA Administrator to all employees. Its pertinence to this controversy is not apparent to the court. That order provides that effective April 1, 1970, employees in plaintiff’s class cannot accrue any compensatory time (par. 1), hut that employees with overtime balances earned prior to February 1,1970, “ shall liquidate ” the same by May 1, 1971. HDA admits paragraph 4 of the complaint that all the overtime claimed herein accrued prior to February 1, 1970, and plaintiff may well argue that liquidation of same is precisely what he sought by his resignation of January 9, 1971.
HDA also invokes Personnel Order No. 76/70 issued by the Mayor on October 13, 1970, which provides with respect to employees in plaintiff’s case (par. 4-b) that upon termination of services they 1 ‘ may be granted a lump sum payment in lieu of terminal leave ”. Nothing in that order seems to limit the amount of terminal leave. The provision is phrased permissively and not mandatorily and does not by its terms require the employee to convert accrued leave into a lump sum terminal leave payment.
Although the case law is not uniform on the subject, the rule in the First Department appears to be that a governmental employee’s rights to recover the monetary equivalent of accrued annual leave and overtime compensation depend upon the continuance of the employer-employee relationship. It makes no difference whether the relationship terminates by death (Simson v. City of New York, 151 N. Y. S. 2d 218), disability (Nolan v. State of New York, 44 N. Y. S. 2d 328), dismissal even after 20 years of service (Spitalnik v. City of New York, 56 Misc 2d 183), or resignation (Ricker v. Board of Educ. of City of N. Y., 196 N. Y. S. 2d 17).
Decisions such as Grossman v. City of New York (64 Misc 2d 962) have reached the opposite result, but the court there rested its ruling in part on Matter of Teachers Assn. Cent. High School Dist. No. 3 [Board of Educ.] (34 A D 2d 351), where a collective bargaining agreement mandated the differing result. Konig v. McCoy (63 Misc 2d 1038) was an assessment of damages where liability was conceded and the court’s observations were pure dicta. Vaccaro v. Board of Educ. of City of N. Y. (54 Misc 2d 206) treating the matter as “novel and of first, impression, ” made no reference to the three earlier *615 citations of the preceding paragraph. (Vaccaro was criticized and expressly not followed in Spitalnik, supra.)
No one would quarrel with the proposition of the Vaccaro case {supra, p. 211) that “ The city, as an employer, should he in no more favored position than a private employer in its dealings with its employees.” It is also true, however, that both private employers and private employees — sometimes known as taxpayers — have an abiding interest that public employees should render a day’s work for a day’s pay. A municipality, therefore, has no legal obligation to provide the ultimate in employer largesse, and with respect to the case at bar, it is certainly not clear that conversion of unused overtime and vacation time into severance pay dollars is presently the prevailing concomitance to the cessation of private employment.
It follows that an issue of fact is presented as to the status of plaintiff following his resignation letter, which is by no means to be determined within the four corners of its self-serving recitals. Only a trial can resolve what the effect of the telephone discussions between plaintiff and his superiors at HDA was, and whether, at their conclusion, he was an employee or an ex-employee.
For the foregoing reasons, plaintiff’s motion for summary judgment is in all respect denied.