FRITZ HESS, Appellant, *v.* BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNSHIPS OF LIBERTY, BETHEL, FALLSBURG, NEVERSINK, ROCKLAND AND THOMPSON, Respondent.

Third Department, March 22, 1973.

*Appelbaum & Eisenberg (Bertram W. Eisenberg* of counsel), for appellant.

*Dretzin & Kauff, P. C. (David Dretzin* of counsel), for respondent.

KANE, J. This is an appeal (1) from an order of the Supreme Court at Special Term, entered February 16, 1972 in Sullivan County, which granted a motion by defendant for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Appellant was employed by respondent school board from 1963 until October, 1968 when he resigned from his position as Chief School Administrator. He had a substantial accumulation of vacation time, and shortly after his resignation was accepted, he demanded payment of $8,041.65 as the cash equivalent of the accrued unused vacation time due him. Respondent board refused payment and appellant commenced an action at law to recover money damages. Thereafter, respondent moved for summary judgment and the court below granted the motion upon the ground that the respondent board had not passed a resolution which would permit it to make such a cash payment to appellant and therefore could not make a lawful expenditure (General Municipal Law, § 92; N. Y. Const., art. VIII, § 1). This conclusion was correct.

Appellant urges that respondent board " passed " a resolution by accepting his resignation tendered in a letter containing the phrase " subject to my vacation pay ". He also contends that a prior plan of such payments existed and points

to another administrator who received a cash sum for accumulated and unused vacation time. Neither of these arguments, although appealing, has legal merit. Expenditure of public funds is constitutionally prohibited in the absence of express statutory provision to the contrary (N. Y. Const., art. VIII, § 1). Section 92 of the General Municipal Law, the express statutory provision in this matter, must be strictly construed, and in view of the undisputed fact that no formal, prospective resolution was in existence at the time appellant resigned, a lawful expenditure could not have been made. While a "resolution" is less formal than an "ordinance" it is an act declarative of the will of the corporate body (*City of Troy Unit of Rensselaer County Chapter of Civ. Serv. Employees Assn.* v. *City of Troy,* 36 A D 2d 145; *Matter of Collins* v. *City of Schenectady,* 256 App. Div. 389; 40 N. Y. Jur., Municipal Corporations, § 707), and cannot be created solely by the individual opinions or expressions of members of that body. A resolution cannot be implied from prior specific conduct to satisfy the express statutory authorization of section 92, nor can that prior conduct form a basis for recovery in quasi-contract against a public employer (*Seif* v. *City of Long Beach,* 286 N. Y. 382).

The order and judgment should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., SWEENEY and MAIN, JJ., concur.

Order and judgment affirmed, without costs.