CHARLES E. CLIFT, Respondent, *v.* CITY OF SYRACUSE, Appellant.

Fourth Department, October 31, 1974.

*Edward P. Kearse, Corporation Counsel (John R. Harder* of counsel), for appellant.

*Hersha & Scott (Roger Scott* and *Francis A. Discenza* of counsel), for respondent.

MOULE, J. The question presented by this case is whether a municipality, after dismissing an employee from its service, must pay that employee the cash value of vacation time accrued while in service but unused because of dismissal.

This action was instituted to recover the cash value of 45 days' accrued vacation time which plaintiff contends was due him when he was dismissed as an employee of the City of Syracuse (city). The facts are not in dispute. From May 20, 1964 until March 23, 1971 plaintiff was employed by the city as its Zoo Director and was in charge of the city's Municipal Zoo, located in Burnet Park. During this time, by virtue of Revised General Ordinance of the City of Syracuse (art. 2, § 11-6), he became entitled to take two weeks of paid vacation per year. However, due to the nature of his duties at the zoo, it was rarely possible for him to use his vacation time as it came due. As a result, he was informed by his superior, the Commissioner of Parks and Recreation, that he would be permitted to accumulate his vacation time over a period of years and take it at some future date if and when such became convenient. This permission was in contravention of Revised General Ordinance of the City of Syracuse (art. 2, § 11-9), which required vacation time to be used in the year it was earned. On March 22, 1971 plaintiff submitted a request that he be allowed to use the vacation time that he had been told would accrue to his benefit during the seven years of his employment. The next day he was fired by the Mayor. He thereupon submitted a request to be reimbursed for his unused vacation but such request was denied. This action was then commenced and plaintiff succeeded on his motion for summary judgment at Special Term and was awarded the amount of $1,793.76 plus costs and interest.

It is the city's position that the Commissioner of Parks was without authority to permit plaintiff to accumulate his vacation time over a period of years because such accumulation is clearly prohibited by Revised General Ordinance of the City of Syracuse (art. 2, § 11-9). The city further maintains that it is without authority to pay plaintiff the cash value of any vacation time due at the termination of his employment because there is neither a city ordinance nor a resolution or other expression of intention which expressly permits such payment. In regard to this latter contention, the city points out that subdivision

2 of section 92 of the General Municipal Law authorizes local governments, "by local law, ordinance or resolution" to provide its employees with paid vacations and "in like manner" to provide for cash payment to employees in lieu of unused vacation time. However, while the city has adopted an ordinance authorizing vacations, it has not adopted one authorizing cash payments and, thus, such payments are not permitted. In support of this argument it cites *City of New York* v. *Wilson & Co.* (278 N. Y. 86) and *Grossman* v. *City of New York* (71 Misc 2d 234).

Plaintiff, on the other hand, contends that the provisions of the Syracuse City Ordinances invoked as a bar to his claim for payment are inapplicable to this situation and that the city's refusal to compensate him for "earned" but unused vacation time amounts to a deprivation of property without due proces of law. His argument urges that a distinction be drawn between those employees who voluntarily terminate their service with the city and thus effectively waive their rights to be compensated for unused vacation time and those, like himself, who are summarily discharged without having been given the opportunity to use the vacation time they had accrued. It is plaintiff's position that by enacting section 92 of the General Municipal Law the Legislature never intended to allow local governments to avoid their obligations to employees who had been discharged but only to permit them to refuse to pay accrued vacation time to those who voluntarily resign. Plaintiff maintains that vacation allowances are a part of an employee's earnings and that the city's refusal to compensate him for unused time amounts to a taking of his property for which he may recover irrespective of the city's failure to enact an ordinance authorizing payment under section 92 of the General Municipal Law. In support of his argument plaintiff cites the New York State Legislative Annual (1958, p. 87); *Konig* v. *McCoy* (63 Misc 2d 1038); *Fuerst* v. *Incorporated Vil. of Bayville* (40 Misc 2d 909); *Vaccaro* v. *Board of Educ. of City of N. Y.* (54 Misc 2d 206) and *Matter of Teachers Assn. (Board of Educ.)* (34 A D 2d 351).

The cases on this particular subject are in disarray. Those which would deny relief to the plaintiff hold strictly to the letter of the law. They generally reason that section 92 of the General Municipal Law permits but does not require a municipality to pay its employees for unused vacation time at the termination of their service and that absent any express statutory authorization in the form of a local law, ordinance or reso-

lution, the municipality has no authority to do so. These cases further reason that it is incumbent upon an employee seeking compensation for his services from a municipality to put his finger on some sort of legislative authority in support of his claim and that payment without such support constitutes a gift of public funds in violation of section 1 of article VIII of the New York State Constituiton. The Third Department has recently taken this view in *Hess* v. *Board of Educ. of Cent. School Dist. No. 1* (41 A D 2d 151) and it has long been espoused by the State Comptroller (19 Opn. St. Comp., 1963, p. 247; 18 Opn. St. Comp., 1962, p. 234; 16 Opn. St. Comp., 1960, p. 30; 13 Opn. St. Comp., 1957, p. 4). Other notable cases following this line include *Grossman* v. *City of New York* (71 Misc 2d 234, *supra*); *Spitalnik* v. *City of New York* (56 Misc 2d 183); *Rosenthal* v. *Walsh* (69 Misc 2d 612) and *Ricker* v. *Board of Educ. of City of N. Y.* (196 N. Y. S. 2d 17).

There is also a line of cases, however, in which relief has been granted and payment authorized for unused vacation time. These have advanced a variety of theories on which to circumvent the absence of express statutory authorization. In *Fuerst* v. *Incorporated Vil. of Bayville* (40 Misc 2d 909, *supra*), the court, noting that it was acting without the benefit of any memoranda of law, simply reasoned that section 92 of the General Municipal Law was permissive in nature and, thus, there was no public policy which prohibited post-employment vacation payments. In *Vaccaro* v. *Board of Educ.* (54 Misc 2d 206, *supra*), it was reasoned that vacation time, like regular pay, was part of an employee's compensation for his services and that a municipality which dismisses an employee without justly compensating him for vacation time he was unable to take was depriving him of his property without due process. In *Gilmore* v. *City of New York* (58 Misc 2d 1029), the situation was slightly different. There, a retired employee's right to payment in lieu of compensatory time for working on weekends and holidays was involved. The court granted the payment on the theory that the city would have been unjustly enriched by gaining the benefit of the employee's services without having paid for them. In *Konig* v. *McCoy* (63 Misc 2d 1038, *supra*) a public policy theory similar to that advanced in the *Fuerst* case (*supra*) was employed to allow compensation. Finally, in *Coates* v. *City of New York* (76 Misc 2d 769), the court approached the situation as encompassing a breach of contract on the part of the munici-

pality to discharge an employee without affording him the opportunity to use vacation time he had earned.

The noteworthy distinction which can be drawn between these two seemingly divergent lines of cases is that which plaintiff urges us to draw. With the exception of the *Spitalnik* case (56 Misc 2d 183, *supra*) those cases in which recovery has been denied have involved situations wherein the employee had resigned. Similarly, with the exception of the *Gilmore* case (*supra*), those in which recovery has been permitted have involved situations wherein the employee's services were involuntarily terminated. We think this distinction makes sense. Under Revised General Ordinance of the City of Syracuse (art. 2, § 11-6) city employees are entitled to two weeks of vacation per year. Vacations are not gratuities bestowed by an employer but rather they are conditions of employment (*Matter of Giannettino* v. *McGoldrick,* 295 N. Y. 208; *Matter of Teachers Assn.* [*Board of Educ.*], 34 A D 2d 351, *supra*). The city is free, if it so chooses, to provide by ordinance under section 92 of the General Municipal Law, for payment in cash to resigning employees for unused vacation time. But when the city discharges an employee without having either given him the opportunity to use the vacation he has earned, or in the alternative, compensating him with its monetary value, it transgresses the due process requirements of both the New York State and United States Constitutions and it should not be permitted to do so.

Plaintiff sought reimbursement for nine weeks' (45 days') accrued vacation at a weekly rate of $219.23. Special Term's award apparently was intended to include the entire nine weeks' vacation which plaintiff claimed had accrued to him over the full seven years of his employment. (We note that the judgment as printed in the record before us does not properly reflect this award.) Since plaintiff was never given the opportunity to use his full vacation in any of the years he was employed by the city, we see no reason, under the theory of due process, to allow the city to invoke the provisions of its ordinances prohibiting accumulation of vacation time against him. However, under the Revised General Ordinance of the City of Syracuse (art. 2, § 11-6), he was only entitled to take two weeks (10 days) of vacation with the completion of each year's service. His employee attendance records for the years 1970 and 1971 show that he earned three weeks of vacation in each of those years. He should only have earned two weeks (10 days) in 1970 and should not have earned any time in 1971 since he was discharged

in that year prior to May 20, the anniversary date of his employment.

Accordingly, the judgment should be modified to reduce by 20 days the amount of accrued vacation time for which compensation is due plaintiff. At a weekly rate of $219.23, based on a four-week period, the judgment should thus be reduced by $876.92.

MARSH, P. J., CARDAMONE, MAHONEY and GOLDMAN, JJ., concur.

Judgment and order unanimously modified in accordance with opinion and as modified affirmed, without costs.