OPINION OF THE COURT
Louis Okin, J.
Plaintiff moves for leave to serve the further amended complaint attached to her moving papers, and for summary judgment on the complaint as amended. Defendants do not object to the proposed amendment, which seeks merely to add an additional cause of action asserting that on the facts alleged in the original cause of action, predicated upon breach of a contractual relationship, plaintiff is being unlawfully and unconstitutionally deprived of property without due process of law. The Corporation Counsel, who has already appeared for the city, now appears also for the borough president and the borough board. Defendants cross-move for summary judgment and assert that there are no issues of fact, but that defendants are entitled to judgment dismissing the complaint, as a matter of law. Plaintiff also urges that there are no disputed issues of fact, but claims that she is entitled to judgment for the relief demanded in the complaint, as a matter of law.
Prior to the institution of this action, plaintiff served a notice of claim on the city asserting a right to “salary other than prevailing rate of wages”. After the summons and indorsed complaint was served, defendants appeared by the Corporation Counsel, and assert the affirmative defenses of the Statute of Limitations and that the complaint failed to state a cause of action.
*565 Plaintiff has moved for summary judgment; and defendant has made a cross motion for summary judgment.
Defendant does not object to plaintiff’s request for an order amending the complaint. That branch of plaintiff’s motion is granted. Defendant’s objection as to the underlying relief sought by plaintiff covers the complaint as amended. Both sides agree that there are no issues of fact which can be the subject matter of an adversary trial, and that the questions raised by the motion and the cross motion should be determined as a matter of law.
Plaintiff was originally employed on August 27, 1974 and her employment was terminated on January 5, 1978, without any notice. Plaintiff was the director of the borough board, co-ordinating the day-to-day operations of that office. She worked under the supervision of the Manhattan Borough President.
During the period of her employment, plaintiff accumulated overtime credits which resulted from her working in excess of the prescribed 40 hours per week. The overtime credit which resulted from such excess hours was credited to plaintiff’s “overtime bank”. From time to time during her employment, plaintiff, with the approval of her supervisor, took personal time off which was deducted from the outstanding hours in plaintiff’s “overtime bank”. All of the overtime which plaintiff put in was authorized by her superior.
Prior to her involuntary termination, which plaintiff claims was without cause, on January 5,1978 plaintiff was not advised that she should use up the hours standing to her credit in her “overtime bank” or she would not be compensated for those hours.
As of January 5, 1978 plaintiff had accumulated 127 10/14 days of unused authorized overtime. Defendants in their answer assert that by virtue of personnel order Nos. 16/74 and 24/77, plaintiff is entitled to compensation for a maximum of 30 days of overtime, upon her involuntary separation from service, even though she was not advised that her services were to be terminated and she was not given an opportunity to use up the overtime with annual leave days, personal days, or any other manner. Defen *566 dants in opposition to plaintiff’s motion for summary judgment, and in support of defendant’s cross motion for summary judgment conceded that on January 5, 1978 plaintiff had accumulated overtime and leave days as follows: 25^ annual leave days, and 127 10/14 overtime days for total of 153 3/14 days; defendants in their answer admit that plaintiff is entitled to a lump-sum payment for 54 days of accumulated overtime and annual leave days and have offered to pay plaintiff $3,002.94. Defendants argue that even where an employee is terminated without notice and without cause, the personnel orders referred to preclude payment to plaintiff for vacation and overtime days accrued prior to discharge.
Plaintiff seeks a declaration that said personnel orders, as applied to plaintiff in this situation, constitute an unlawful and unconstitutional deprivation of property without due process of law, claiming that the constitutional rights pressed by plaintiff are guaranteed to her by the Fourteenth Amendment to the United States Constitution, and are echoed and are reinforced by the New York State Constitution.
The holding by the Appellate Division, Fourth Department, in Clift v City of Syracuse (45 AD2d 596) requires the granting of plaintiff’s motion and the denial of defendant’s motion. In Clift, as in the case at bar, plaintiff was involuntarily terminated without an opportunity to use accumulated vacation time. The court recognizes the issue as being whether a municipality which dismisses an employee against his will, without notice and without giving him an opportunity to use up accrued vacation time, must pay that employee the cash value of such vacation time. The decision of the court indicates that there is no distinction between vacation time, compensatory time and accrued overtime. The important factor, as noted by the Appellate Division, Fourth Department, is that the determination was involuntary and plaintiff was not given an opportunity to take advantage of accrued and unused time which resulted from work performed by plaintiff at the request of her superiors.
In Clift v City of Syracuse (supra, p 600), the court granted plaintiff’s motion for summary judgment and said: *567 “when the city discharges an employee without having either given him the opportunity to use the vacation he has earned, or in the alternative, compensating him with its monetary value, it transgresses the due process requirements of both the New York State and United States Constitutions and it should not be permitted to do so.”
Here, defendants do not dispute that plaintiff had earned 127 10/14 days of authorized overtime credit, and that plaintiff would have been able to take advantage of this accumulated overtime had she not been terminated.
To the degree that personnel order Nos. 16/74 and 24/77 prevent defendants from paying plaintiff for the time she has put in, such orders are unconstitutional deprivation of plaintiff’s rights and property. As was said by the court in Periconi v State of New York (91 Misc 2d 823, 826): “It is offensive to basic considerations of fairness and equity to permit an employer to retroactively deny compensation for services performed at its behest and for its benefit.”
Gilmore v City of New York (58 Misc 2d 1029) and Coates v City of New York (76 Misc 2d 769, mod 49 AD2d 565) do not require a different result here. In Gilmore, as the court noted, plaintiff was not aware of her right to take advantage of unused compensatory time at the time she resigned; furthermore, the case deals with a voluntary retirement, and not an involuntary termination. In Coates, as the Appellate Division observed, the Department of Sanitation was required by section B3-40.0 of the Administrative Code of the City of New York to immediately retire plaintiff upon certification by the medical board of the city’s retirement system that plaintiff was medically unable to perform his duties. The termination in Coates was mandated. That is not true here. In a situation where an employee must be terminated for medical reasons, the unfairness, necessarily inherent in the situation now before the court, was not a pressing factor.
Plaintiff’s motion for summary judgment is granted; defendant’s motion for summary judgment is denied.