**Frank GENDALIA, Felix N. Fidelibus and Stella Rathgeb, Plaintiffs,**

**v.**

**Donald GIOFFRE, Fred Gioffre, John Colangelo and Anthony J. Zaccagnino, individually and as Members of the Town Counsel of the Town of Rye, New York, Anthony J. Posillipo, individually and as Supervisor of the Town of Rye, Aldo Vitagliano, individually and as Town Attorney of the Town of Rye, and the Town of Rye, a Municipal Subdivision of the State of New York, Defendants.**

**Domenick J. PATAFIO, Plaintiff,**

**v.**

**Donald GIOFFRE, Fred Gioffre, John Colangelo and Anthony J. Zaccagnino, individually and as Members of the Town Counsel of the Town of Rye, New York, Anthony J. Posillipo, individually and as Supervisor of the Town of Rye, Aldo Vitagliano, individually and as Town Attorney of the Town of Rye, and the Town of Rye, a Municipal Subdivision of the State of New York, Defendants.**

**Nos. 83 Civ. 4069(RWS), 83 Civ. 4239(RWS).**

United States District Court, S.D. New York.

March 29, 1985.

Monroe Yale Mann, Port Chester, N.Y., for plaintiffs.

William Paul Sirignano, Mount Vernon, N.Y., for defendants.

## OPINION

SWEET, District Judge.

Defendants Donald Gioffre, Fred Gioffre, John Colangelo and Anthony J. Zaccagnino, individually and as members of the Town Council of the Town of Rye, New York, Anthony J. Posillipo, individually and as Supervisor of the Town of Rye, Aldo Vitagliano, individually and as Town Attorney of the Town of Rye, and the Town of Rye, a Municipal subdivision of the State of New York (collectively the "Town defendants") have moved to dismiss the complaint of plaintiffs Frank Gendalia, Felix N. Fidelibus and Stella Rathgeb in one action (83 Civ. 4069) and Domenick J. Patafio in a related action (83 Civ. 4239) (collectively the "Employees"). In the alternative, the Town defendants have moved for summary judgment, only to be met by a cross-motion for summary judgment by the Employees. For the reasons stated below the motion to dismiss will be granted with leave to replead, and both motions for summary judgment will be denied.

## Prior Proceedings

These actions were filed on May 26, 1983 and June 3, 1983. A scheduling order was entered on September 13, 1984 calling for completion of discovery and motions by December 5, 1983. By agreement of the parties, this period was extended to June 11, 1984. On June 11, 1984 the Town defendants moved to dismiss, presumably under Rule 12(b), Fed.R.Civ.P. and for summary judgment under Rule 56, Fed.R. Civ.P. The Employees cross-moved on September 11, 1984, and the parties adjourned the submission date of the motion to January 10, 1985, at which time it was fully submitted. During this process discovery has been had, depositions taken, and interrogatories answered.

## The Complaint

The complaint alleges jurisdiction under 42 U.S.C. §§ 1983, 1985, 1986 and 28 U.S.C. § 1343. The complaint claims a deprivation of property without due process by the Town defendants arising out of their failure to pay the Employees for vacation and sick days accrued during their employment by the Town of Rye. The complaint is far from a model pleading of constitutional claims, although it might be construed to allege:

1) A failure to follow state law and thereby deny the Employees due process,

2) unequal and discriminatory enforcement of state law, and

3) deprivation of property for purely political purposes.

In 1982 and previously the Employees were employed by the Town of Rye as Police Chief, Town Engineer, Account Clerk and Comptroller. By referendum the Village of Rye Brook (the "Village") came into existence as a municipality effective June 1, 1983. The Village assumed the functions previously performed by the Town of Rye (the "Town") and offered the Town employees an opportunity to transfer their employment to the Village at their existing salary but without credit for sick leave or unused vacation. The plaintiff Domenick J. Patafio retired. The other plaintiffs chose employment by the Village upon being advised that their positions would be filled in the event that they chose not to transfer.

The Employees then claimed sick and vacation pay in a total amount of $242,-227.96 accruing over the course of 25 years according to the Town defendants. Defendants Donald Gioffre, Fred Gioffre, John Colangelo and Anthony J. Zaccagnino, (the "Council defendants") constituted a majority of the Town Council and at the request of Anthony J. Posillipo, the Town Supervisor (the "Supervisor") and upon the opinion of Aldo Vitagliano (the "Attorney") the Council defendants voted to deny the claims of the Employees.

The Employees have asserted that similarly situated former employees of the Town have received compensation for claims based on previously unclaimed sick leave and vacation days, and that the Employees involved in this action have been denied such benefits because the Employees are Democrats and the individual defendants are all Republicans. The Employees allege that the difference in party affiliation has produced the different and discriminatory treatment of the Employees here suing. No factual issue appears to exist with respect to either the party affiliation or the different resolution of the claims of other similarly situated employees. The Town defendants note, however, that the Employees had retained counsel and that this action was anticipated at the time informal resolution of the claims was requested.

## Conclusions

### § 1983 Claims

██ In order to state a § 1983 claim properly, a complaint must allege that the plaintiff was deprived of a right secured by the Constitution or laws of the United States and that the defendant deprived him of this right under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *Adickes v. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). When the right alleged to have been denied is one protected by the Fourteenth Amendment, the plaintiff must establish that the state deprived him of a life, liberty, or property interest without due process of law.

Analysis of the Town Employees' § 1983 claim focuses first on whether the state had conferred on the Town Employees a constitutionally protected right which has been denied them. In *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) the Court cautioned that not every "grievous loss visited upon a person by the state is sufficient to invoke the procedural protections of the due process clause." *Id.* at 224, 96 S.Ct. at 2538. "If the state had merely breached a contract ... he would have had no cause of action under § 1983.

Relief is predicated on a denial of a constitutional right." *Braden v. Texas A & M University System*, 636 F.2d 90, 93 (5th Cir.1981). *See Bleeker v. Dukakis*, 665 F.2d 401, 403 (1st Cir.1981); *Kenyon v. Jennings*, 560 F.Supp. 878, 881 (D.Kan. 1983). Only if the benefits alleged to have been deprived the Town Employees are property interests within the meaning of the Fourteenth Amendment can the Employees condition a § 1983 claim upon the alleged denial without due process.

██ In deciding whether a property interest exists, a court must determine whether an individual has "more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The source of property interests rests not in the Constitution, but in "existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

██ The issue here is whether an entitlement to the back pay, founded either in state law or regulations, provides the basis for this § 1983 claim. *See Goetz v. Windsor Central School Dist.*, 698 F.2d 606 (2d Cir.1983). The plaintiffs have presented no basis for finding such an entitlement, and I conclude there is none. The Town Employees do not present a statutory basis for claiming the cash for their unused vacation and sick pay. Indeed, Section 92 of the General Municipal Law states:

1. The governing board of each ... town ... by local, law, ordinance or resolution ... may grant vacations, sick leaves and leaves of absence to its officers or employees, with or without pay and adopt rules and regulations in relation thereto. Notwithstanding any other provision in law, any such governing board ... may also in like manner provide for

cash payment of the monetary value of accumulated and unused vacation time or time allowances granted in lieu of overtime compensation standing to the credit of its officers and employees at the time of their separation from their service ...

2. The governing board of each ... town ... may provide by local law, ordinance or resolution ... that vacations granted to its officers and employees shall be earned by and credited to them ...

This statute is purely permissive in nature. The Court in *Clift v. City of Syracuse,* 45 A.D.2d 596, 360 N.Y.S.2d 356 (4th Dept. 1974) stated: "The cases on this particular subject are in disarray. Those which would deny relief to the plaintiff hold strictly to the letter of the law. They generally reason that Section 92 of the General Municipal Law permits but does not require a municipality to pay its employees for unused vacation time at the termination of their service and that absent any express statutory authorization in the form of a local law, ordinance, or resolution, the municipality has no authority to do so." *Id.,* 360 N.Y.S.2d at 359, *citing Hess v. Board of Education,* 41 A.D.2d 151, 341 N.Y.S.2d 536 (3rd Dept.1973); *Grossman v. City of New York,* 71 Misc.2d 234, 335 N.Y.S.2d 890 (App.Div. 1st Dept. 1972); *Rosenthal v. Walsh,* 69 Misc.2d 612, 330 N.Y.S.2d 400 (Civ.Ct.N.Y.Cty.1972), Opinion of the State Comptroller, 19 Op.St. Comp., 1963, p. 247; 18 Op.St.Comp., 1962, p. 234). Although *Clift, supra,* held that payment was warranted, despite the absence of statutory authorization, it followed cases which "have advanced a variety of theories on which to circumvent the absence of express statutory authorization." *Id.,* 360 N.Y.S.2d at 360. In light of the statute's clearly permissive language, the absence of any proof or allegation of the enactment of any Town Ordinance to implement a system of payments for unused vacation and sick leave, and the holding in the state courts that payments are beyond the authority of Townships in the absence of such ordinances, I refuse to find a constitutionally protected property right to the back pay. The Town Employees have attempted to elevate a contract dispute to the level of Constitutional litigation.

Even were I to find a property interest at stake here, the reasoning of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Hudson v. Palmer,* — U.S. —, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), *Engblom v. Carey,* 677 F.2d 957 (2d Cir.1982), *Coleman v. Faulkner,* 697 F.2d 1347 (10th Cir.1982), *Rubino v. City of Mount Vernon,* 707 F.2d 53 (2d Cir.1983), suggest that the existence of sufficient post-deprivation state remedies would provide the requisite due process. The Town Employees do not dispute that state remedies exist. The complaint fails to state a § 1983 claim.

## § 1985 and § 1986 Claims

One of the necessary elements of a proper § 1985 claim is that the defendants were conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). The Court in *Griffin* held further that plaintiffs must establish "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102, 91 S.Ct. at 1798. The Honorable Edward Weinfeld stated that the "prevailing test is that '[t]he class-based, invidiously discriminatory animus' referred to in *Griffin* relates to 'that kind of irrational and odious class discrimination akin to racial bias—such as discrimination based on national origin or religion.'" *Weiss v. Willow Tree Civic Ass'n,* 467 F.Supp. 803, 812 n. 25 (S.D.N.Y.1979), *quoting Cartolano v. Tyrrell,* 421 F.Supp. 526, 532 (N.D.Ill.1976). The plaintiffs have not alleged that the conspiracy on the part of defendants has as a target a group that meets this standard. At most, the plaintiffs have suggested that their status as members of the Democratic Party prompt-

ed the deprivation of rights. I conclude that members of the Democratic Party do not constitute a group subject to the invidious discrimination that is sought to be eliminated by § 1985(3). The § 1986 claim necessarily fails if the § 1985 claim is insufficient.

### Conclusion

The Town Employees have failed to allege deprivation of constitutionally guaranteed "property" sufficient to support a § 1983 claim and have not alleged that they constitute a class sufficient to support a § 1985 action. It may be that the Employees seek to enforce their First Amendment rights under *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). If so, that claim has not been stated or properly pleaded.

The complaint is therefore dismissed as failing to state a federal claim. Leave to replead within twenty (20) days is hereby granted.

IT IS SO ORDERED.