■ BRIAN E. MAY, Respondent, v BOARD OF EDUCATION OF THE BALLSTON SPA CENTRAL SCHOOL DISTRICT et al., Appel-

lants.—Mikoll, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered December 27, 1989 in Saratoga County, upon a decision of the court in favor of plaintiff.

The question presented is whether Supreme Court properly found defendants liable for the cash value of plaintiff's accrued vacation time which plaintiff was denied the opportunity of using during the period he was employed. The answer is in the affirmative. Supreme Court's judgment should therefore be affirmed.

Plaintiff was first employed by defendant Ballston Spa Central School District (hereinafter the School District) in July 1973 as Superintendent of Buildings and Grounds. On January 18, 1978 plaintiff entered into a written contract with defendants whereby he would supervise a solar project for the School District as "Solar Project Manager". The contract provided that plaintiff's employment with the School District was to remain in full force and effect for a period of 12 months from the completion and acceptance of the solar project system. On April 11, 1983, defendant Board of Education of the Ballston Spa Central School District (hereinafter the Board) formally accepted the project as completed by a public resolution. Plaintiff was thereafter informed in a February 13, 1984 letter from the School District's Superintendent of Schools that his employment would cease on April 10, 1984 and that he should use his accrued vacation days before that date.

After his termination on April 10, 1984, plaintiff requested payment for his accrued unused vacation time. The Board refused this request and plaintiff initiated this action for breach of contract. Plaintiff claimed that he was prevented from taking vacation time by work assignments and relied upon the assurances of the former Superintendent of Schools and his successor that he would be paid for unused vacation after he separated from his employment. At trial, the current Superintendent acknowledged that he had assigned work to plaintiff that was in addition to plaintiff's duties as solar project manager.

In their answer, defendants asserted the defense of failure to state a cause of action on the ground that NY Constitution, article VIII, § 1 and General Municipal Law § 92 (1) operated to prohibit the requested payments. Defendants' subsequent motion for summary judgment dismissing the action was denied. After a trial before the court without a jury, Supreme Court granted judgment in favor of plaintiff in the sum of

$6,464.57, plus interest thereon from April 10, 1984. This appeal ensued.

Supreme Court, in finding for plaintiff, properly relied upon *Clift v City of Syracuse* (45 AD2d 596), distinguishing it from the earlier case of *Hess v Board of Educ.* (41 AD2d 151). In essence, *Hess* held that where the cash payment for unused vacation time has not been expressly authorized pursuant to General Municipal Law § 92, such payment is prohibited by NY Constitution, article VIII, § 1. The court in *Clift* distinguished the facts there from *Hess* on the ground that the plaintiff in *Hess* resigned his position, while in *Clift* the employee was terminated. Supreme Court properly applied the reasoning of *Clift* to the instant factual situation after resolving the credibility issue in favor of plaintiff. There was evidence in the case at bar that plaintiff, as in *Clift,* was induced to forgo taking his vacation time because of the assurances of his superiors that he would be paid for the unused vacation upon separation *(see, e.g., Matter of Rubinstein v Simpson,* 109 AD2d 885). There was also evidence that he was assigned additional duties besides those of his contracted position which negatively affected his opportunity to take all of his accrued vacation time prior to the end of his employment. "[A]lthough this court may assess the evidence when reviewing a nonjury trial * * * it [is] judicious to defer to the trier of facts where * * * the credibility of witnesses whom the trial court had the opportunity to observe in the course of testimony is to be determined" *(Town of Ulster v Massa,* 144 AD2d 726, 727, *lv denied* 75 NY2d 707).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.