707 F.2d 53
 Evan A. RUBINO, Appellee,
v.
The CITY OF MOUNT VERNON, Thomas E. Sharpe, Individually,
and in his official capacity as Mayor of the City of Mount
Vernon and Joseph S. Ragno, Individually, and in his
official capacity as Corporation Counsel of the City of
Mount Vernon, Appellants.
 No. 894, Docket 82-7899.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 28, 1983.
Decided May 6, 1983.
 
 Joel H. Sachs, White Plains, N.Y. (Plunkett & Jaffee, P.C., White Plains, N.Y.), for appellants.
 Maurice F. Curran, White Plains, N.Y. (Bleakley Schmidt, P.C., White Plains, N.Y.), for appellee.
 Before LUMBARD, VAN GRAAFEILAND and PIERCE, Circuit Judges.
 PIERCE, Circuit Judge:
 
 
 1
 Appellants appeal from an order of the United States District Court for the Southern District of New York (Robert W. Sweet, Judge ), granting appellee Rubino's application for a preliminary injunction, pursuant to 42 U.S.C. Sec. 1983 (1976), reinstating him to his former position as Assessor of the City of Mount Vernon.
 
 I. Procedural History
 A. Administrative Proceedings
 
 2
 Appellee was appointed Assessor of the City of Mount Vernon for a six-year term, commencing October 1, 1977. N.Y. Real Prop. Tax Law Sec. 1522(1), (2) (McKinney 1972) (RPTL). Three years into his term, in October 1977, disciplinary charges were brought against Rubino by the Mayor of Mount Vernon, pursuant to RPTL Sec. 1522(7).[1]
 
 
 3
 In accordance with procedures prescribed by RPTL Sec. 1522(7), a disciplinary hearing on the charges against Rubino was held before a hearing officer. The hearing resulted in a Report and Recommendation by the hearing officer, finding Rubino in violation of four of seven charges[2] and fourteen specifications, and recommending removal from office. The Mayor adopted the Report and Recommendation and discharged Rubino, effective May 15, 1981.
 
 
 4
 In June, 1981, appellee sought review of his dismissal before the New York State Board of Equalization and Assessment (the Board), pursuant to RPTL Sec. 1522(7). Written and oral arguments were made before a reviewing officer in September, 1981. In his report dated October 29, 1981, the reviewing officer determined with respect to Charge II (negligence in the preparation of assessment rolls), that although Rubino had made a number of errors in assessing property, the small number of errors proved by the City did "not warrant the finding of just cause for removal from office." He noted:
 
 
 5
 While there is a dearth of case law in New York defining "just cause" as used in section 1522(7), in discussing removal of officers for cause, one authority has stated, "Indeed, it is usual to make provision for the removal or suspension of officers ... in the municipal service when found guilty of violation of official duty, or where they are incompetent, faithless, corrupt or inattentive to the public trust with which they are clothed" ... It is my conclusion that removal for just cause implies a standard similar to that in section 36 of the Public Officers Law (relating to removal of certain local officials) where removal from office is the penalty for "misconduct, maladministration, malfeasance or malversation in office." "Just cause" for removal may also be warranted where an assessor meets the qualifications for appointment to office but in practice lacks the skill, judgment and capability necessary to be an effective assessor.
 
 
 6
 With respect to the finding of violation of Charge I (local residency requirement), the reviewing officer held that "[r]esidency is an issue as to entitlement to office and not performance in that office," and therefore could not constitute a basis for removal, under the standard enunciated above. He also rejected the finding of gross negligence (Charge III(a)) and found that the tardy filing of certain data (Charge VI) did not, in and of itself, constitute just cause for removal. The reviewing officer concluded that "[a] review of the [state] cases [on removal of public officers] indicates that dismissal is warranted in only the most blatant cases of misconduct." He recommended a one-month suspension from office, reinstatement, and reimbursement for back-pay less one-twelfth of the annual salary. On November 6, 1981, the State Board of Equalization adopted the reviewing officer's recommendation and ordered reinstatement with back pay.
 
 B. State Court Proceedings
 
 7
 Pursuant to RPTL Sec. 1522, the City and the Mayor brought an Article 78[3] proceeding against the Board, the reviewing officer, and Rubino, in the New York State Supreme Court, Albany County, seeking to have the Board's order of November 6, 1981 set aside. By order entered January 4, 1982, State Supreme Court Justice Cholakis granted a stay of the Board's order pending determination of the proceeding in that court. On February 4, 1982, Justice Cholakis dismissed the petition of the City and Mayor, concluding that the Board had acted within its statutory powers. He concluded "that the petitioners have failed to present facts which under well-recognized rules would allow this Court to substitute its judgment in the matter (Mtr. of Pell v. Bd. of Educ., 34 N.Y.2d 222 [356 N.Y.S.2d 833, 313 N.E.2d 321]." Matter of Mt. Vernon v. State Bd. of Equalization, No. 11696/81 (Sup.Ct. Albany Co. 1981). In his February 26, 1982 judgment dismissing the petition, Justice Cholakis also vacated the temporary stay of the Board's November 6 order.
 
 
 8
 The City and Mayor appealed this decision to the Appellate Division, Third Department, of the State Supreme Court. While the appeal was pending, Rubino moved before the Appellate Division to compel compliance with the Board's order, which application was met with a cross-motion by the City seeking a stay of the Board's order. The Appellate Division denied both motions on April 23, 1982. Rubino then filed the present section 1983 action in federal district court. See section C, infra.
 
 
 9
 In a decision dated March 10, 1983, the Appellate Division affirmed the Supreme Court's conclusion that the Board had authority to modify the penalty recommended by the hearing officer and adopted by the Mayor, and the Board's interpretation of "just cause" under RPTL Sec. 1522(7).[4] The state appellate court reversed, however, as to the Board's award of back pay, reasoning that such an award had no statutory basis under RPTL Sec. 1522. With respect to the Board's interpretation of "just cause," the court noted that since the Board had the authority to review disciplinary actions against an assessor, it also had the power to determine what constitutes "just cause" for such purposes. The appellate court concluded that the Board's construction of "just cause" as requiring affirmative misconduct or malfeasance in office, or the lack of such skill and capability necessary to be an effective assessor, was not irrational or unreasonable. Indeed, the state court found that "such a construction is consistent with the level of cause required for the removal of other public officials." In addition, the Appellate Division agreed with the Board's conclusion that the local residency issue was not a matter for Board determination in a "just cause" removal proceeding, but was "an issue for judicial determination." The court added, however: "We would note that [the Board's] decision in no way precludes petitioners [City and Mayor] from challenging respondent Rubino's entitlement to office in an appropriate proceeding." The appellate court did not specifically order reinstatement. By notice filed April 22, 1983, the City of Mount Vernon seeks review by the New York State Court of Appeals.
 
 C. District Court Proceedings
 
 10
 On May 13, 1982, appellee commenced the present action in the United States District Court for the Southern District of New York, pursuant to 42 U.S.C. Sec. 1983 (1976). Shortly thereafter, on June 28, Rubino moved in that court, pursuant to Fed.R.Civ.P. 65(a), for a preliminary injunction ordering reinstatement, pending resolution of his section 1983 action. In his affidavit in support of the motion, Rubino alleged irreparable harm in the form of inability to pursue his livelihood, to assume the performance of his statutory office, and to enjoy all the perquisites thereof. He claimed that because his appointment is limited to a six-year term, each day the City fails to comply with the Board's order constitutes irreparable injury. He alleged further that his continued absence from office imposed a great financial and emotional hardship and had an adverse effect on his professional reputation.
 
 
 11
 The district judge, applying the test for preliminary injunctive relief set forth in Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir.1979), found that Rubino had made a sufficient showing for such relief. First, he found that Rubino demonstrated irreparable injury, due to "the uniqueness of the post, the publicity given the dispute, the limited term of the employment, and the element of public trust that is involved." In addition, the judge concluded that there was a likelihood of success on the merits, since appellants had not shown a basis on which the Board's determination can be set aside. Therefore, he granted appellee's motion. A stay of the district court's order was granted by this Court on December 14, 1982, pending this appeal.
 
 
 12
 Because we find that the district judge abused his discretion in concluding that appellee had demonstrated irreparable injury and likelihood of success on the merits, we vacate the preliminary injunction and remand to the district court for further proceedings.
 
 II. Discussion
 
 13
 While we recognize that "in the genuinely extraordinary situation," Sampson v. Murray, 415 U.S. 61, 92 n. 68, 94 S.Ct. 937, 942 n. 68, 39 L.Ed.2d 166 (1974), an employee's discharge and its effect on the employee may furnish a basis for irreparable injury, we conclude that, on the facts of this case, no such showing has been made. In our view, Keyer v. Civil Service Commission of the City of New York, 397 F.Supp. 1362 (E.D.N.Y.1975), upon which appellee appears to place principal reliance, is distinguishable. In Keyer, plaintiffs had been summarily dismissed from their civil service positions without a hearing. An action was brought in the district court, pursuant to 42 U.S.C. Sec. 1983 (1976), alleging denial of due process and seeking, inter alia, a preliminary injunction reinstating plaintiffs pending the outcome of the suit. The district court granted the injunctive relief sought. The instant case, in contrast, came to the district court, and is before this Court in a significantly different posture. Unlike the plaintiffs in Keyer, Rubino sought an order of reinstatement through the state administrative process. The result was a review and determination by a state agency, followed by judicial review in the New York State Supreme Court; the latter rejected a challenge by the City and Mayor to the Board's determination. This judicial determination was in turn reviewed by the Appellate Division and was affirmed. At present, no stay of the Board's reinstatement order has been issued in the state courts. Under these circumstances, and in the unique posture of this case, whatever injury may result from the City's resistance to the Board's order cannot be said to be irreparable since appellant thus far has obtained favorable state administrative and judicial rulings and presumably may avail himself of enforcement proceedings in state court. We therefore find that Rubino had not demonstrated irreparable injury.
 
 
 14
 As to the issue of likelihood of success on the merits, the district judge concluded that Rubino had made such a showing. We do not agree with this preliminary conclusion. Although it cannot be said to be dispositive of the principal constitutional issues raised in this federal action, to wit, lack of due process, the sequence of results which Rubino achieved in the prior state proceedings, once he sought review of the hearing officer's (and Mayor's) findings, did not lead to the return by the Board of his case to be re-heard, but rather led to substantial modification, in Rubino's favor, of the administrative determination. Rather than presage likelihood of success on the merits of his asserted deprivation of federal constitutional rights, this suggests the contrary, at least preliminarily. Therefore, we conclude that the finding below as to likelihood of success was in error.
 
 
 15
 Since we have concluded that appellant did not make a sufficient showing of irreparable harm or likelihood of success on the facts of this case, we need not address the questions of federal/state comity, potential conflicting judgments in federal and state courts, or the existence of unsettled questions of state law.
 
 
 16
 The preliminary injunction is vacated, and the case is remanded to the district court for further proceedings.
 
 
 
 [1]
 The RPTL section pertaining to removal of assessors is now numbered RPTL Sec. 1522(8) (McKinney Supp. 1982-83). The substance of the newly-numbered section is identical to the old one and reads, in full:
 Removal of assessors. An assessor may be removed from office for just cause by the appointing authority after a hearing upon notice. Determination to remove an assessor or take other disciplinary action as a result of the removal proceeding against an assessor shall be subject to review by the state board upon application filed with such board by the assessor within thirty days after receipt by him of written notice of such determination. The review by the state board shall be based upon the record and a transcript of the hearing held by the appointing authority and such oral or written argument as may be presented to such board by the parties to the proceeding. Upon completion of such review the state board shall affirm, reverse or modify the determination of the appointing authority. The determination of the state board shall be subject to judicial review in accordance with the provisions of article seventy-eight of the civil practice law and rules.
 
 
 [2]
 The charges of which Rubino was found to be in violation were: I. failure, within a reasonable time after appointment, to establish legal residency in Mount Vernon as required by Section 15 of the Charter of the City of Mount Vernon and Public Officers Law Section 3; II. negligence in the preparation of assessment rolls; III. (a) gross negligence in a certiorari proceeding; and VI. failure to timely file personnel data relating to absences, sick leaves and vacation
 
 
 [3]
 N.Y.Civ.Prac. Law Secs. 7801-7806 (McKinney 1981) (Proceeding Against Body or Officer)
 
 
 [4]
 The Appellate Division decision was issued after this Court heard oral argument on the appeal from the district court's December 1, 1982 grant of the preliminary injunction